[No. 6534.   Decided April 6, 1907.]

# H. C. VOGLER et al., Appellants, v. W. T. ANDERSON et al., Respondents.[1]

APPEAL—REVIEW—AMENDMENT OF PLEADINGS. In a trial before the court without a jury, defects in the pleadings capable of amendment will be disregarded and the cause tried *de novo* on the evidence as though the pleadings had been amended.

HIGHWAYS—OVER PUBLIC LANDS—PRESCRIPTION—GRANT—ACCEPTANCE. Adverse user by the public of a road across the public lands for a period of less than seven years does not constitute a highway by prescription or an acceptance of the Congressional grant of the right to establish highways over public lands, which is not a grant *in praesenti* without any act to establish the highway.

Appeal from a judgment of the superior court for Franklin county, Rigg, J., entered June 6, 1906, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action for trespass. Reversed.

*Zent & Lovell*, for appellants.

*W. D. Schutt* (*A. C. Routhe*, of counsel), for respondents.

FULLERTON, J.—This action was brought by the appellants to restrain the respondents from trespassing on certain farm lands situated in Franklin county, it being alleged in the complaint that the respondents had, without color of authority, entered upon the appellants' premises, tore down the fences, drove with teams and wagons over their garden and fruit trees, and committed other injuries thereto, to the damage of the appellants in the sum of two thousand dollars. The respondents admitted entering upon the premises described and tearing down the fences, but justified their acts by pleading that they entered as county officers upon a county road, across which the appellants had wrongfully con-

[1] Reported in 89 Pac. 551.

structed the fence which they removed, pleading further that a road had been established across the appellants' land by adverse user. The cause was tried by the court without a jury, and resulted in a judgment for costs in favor of the respondents.

In this court each party insists that the pleading of the other is insufficient, but as the errors pointed out consist of defects capable of being cured by amendment, and the case was tried in the court below on the merits as if upon sufficient pleadings, this court will treat the pleadings as amended, and try the case *de novo* upon the record.

The evidence tended to show that, prior to March, 1903, the land of the appellants was unoccupied government land, subject to entry under the land laws of the United States; that some two years prior to that time, certain settlers living in the vicinity began to drive over it on their way from their homes to a place where they obtained water, and that between that time and March 1903, it was used as a highway by them for that purpose, and by other persons who had occasion to pass through that part of the country. At the date mentioned, the appellants settled on the land. They changed the travel somewhat, shortly after their entry, in order to accommodate their fences, but suffered it to continue over the route as changed for about one year thereafter, when they fenced up the entire tract, closing the road at the places where it entered and left the land. The respondents, as county commissioners of Franklin county, conceiving the road to be a public highway, ordered it opened, and the tearing down of the fences by the road supervisor constituted the trespasses complained of in the appellants' complaint.

The trial court based its judgment on the theory that the act of Congress granting a right of way for the construction of public highways over public lands not reserved for public use was a grant *in praesenti*, and became effective the moment the public began using the way as a public highway, and that it is not necessary that a way should be used for any specific

time in order to constitute an acceptance of it as a grant
under this statute. The case of *Okanogan County v. Cheet-
ham*, 37 Wash. 682, 80 Pac. 262, is cited as establishing this
doctrine. In that case the trial court decided, by analogy
to the statute of limitations for the recovery of real prop-
erty, that, in order to constitute a way across public land,
the user must have continued for a period of ten years or
more. This court reversed that decision, holding that con-
tinuous user for a period of seven years was sufficient to es-
tablish the way as a public highway. But it was not said,
or intended to be said, that a user for any lesser period than
seven years would be sufficient for that purpose. On the con-
trary, to hold that a lesser period would suffice in this state
would violate the terms of the grant made by Congress. The
grant is for a right of way to establish a public highway,
and a public highway must be established in some of the
ways provided by statute before the grant takes effect. If
the road is established under the statute providing for their
establishment by the board of county commissioners, it takes
effect when the commissioners lawfully establish the road;
but if the road is established by adverse user, it takes effect
when the adverse user ripens into a right by prescription.
The shortest period allowed by statute to establish a highway
by user in this state is seven years [Bal. Code, § 3846 (P. C.
§ 7860)], and no user short of this period can therefore be
held to be an acceptance of the grant contained in the act of
Congress cited. As the use in the case at bar had continued
for at most but two years before the appellants entered upon
the land, no right by prescription had been acquired, and the
court erred in holding the way in dispute to be a public high-
way.

The judgment appealed from is reversed and the cause
remanded, with instructions to enter a judgment perpetually
enjoining the respondents and each of them from interfering
with the appellants' fences, or attempting to open or main-
tain the way in question across their premises as a public

highway.   No judgment for damages will be allowed, but appellants will recover costs in both courts.

HADLEY, C. J., CROW, DUNBAR, and MOUNT, JJ., concur.