[Civil No. 1083.   Filed March 20, 1909.]

[100 Pac. 777.]

TUCSON CONSOLIDATED COPPER COMPANY, a Corporation, and FRED W. FICKETT, Defendants and Appellants, v. WILLIAM H. REESE, Plaintiff and Appellee.

1. HIGHWAYS—ESTABLISHMENT.—The establishment of public highways is governed entirely by statute, and roads established otherwise than as expressly provided thereby are not public highways.

2. SAME—SAME—STATUTORY PROVISIONS.—Civil Code of 1901, paragraph 3956, declares that roads located as public highways by the board of supervisors, or roads in public use which have been recorded as public highways by authority of the board, shall be public highways. Paragraph 3972 provides that the board may lay out or change a public road on petition of resident taxpayers of the county, and shall cause the location to be recorded in the county recorder's office. *Held,* that only such roads as are located and recorded by the board are public highways, and the mere declaration that a map showing a road was the official map of the county, without recording or filing the map for record in the county recorder's office, did not make the road a public highway.

3. SAME—SAME—RESOLUTION OF LOCAL AUTHORITY.—A resolution of the board of supervisors accepting a right of way for the construction of highways over public lands as granted by Congress (Rev. Stats., sec. 2477; U. S. Comp. Stats. 1901, p. 1567), as far as the grant related to a certain road described, which resolution was recorded in the office of the county recorder, would not make the road described a public highway, where it did not appear that the resolution was made on petition of taxpayers, nor that the road as laid off was recorded.

4. SAME—SAME—GRANT OF RIGHT OF WAY BY NATIONAL GOVERNMENT. Revised Statutes of the United States, section 2477 (U. S. Comp. Stats. 1901, p. 1567), granting the right of way for the construction of highways over public lands not reserved for public use, does not operate to grant such rights of way and establish highways contrary to the laws of the state or territory in which the lands affected are located.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima.   John H. Campbell, Judge.   Affirmed.

The facts are stated in the opinion.

S. W. Purcell, and G. E. Tralles, for Appellants.

Lovell & Richey, for Appellee.

SLOAN, J.—In the court below William H. Reese brought suit against the Tucson Consolidated Copper Company, a corporation, and Fred W. Fickett, praying for a perpetual injunction against said defendants restraining them from removing certain obstructions placed by plaintiff on land which had been entered as a homestead by him, and which obstructions were intended to prevent the defendants from crossing said land with their wagons and teams, which they were doing at the time of the suit and threatening to do in the future. The answer of the defendants set up the following facts: That prior to the year 1871 a certain road had been constructed and was in use by the public connecting the west end of St. Mary's avenue of the city of Tucson with a place to the westward of the city of Tucson, designated as "Star Pass." That ever since its construction the said road has been in open, notorious, and constant use by the public as such, and at the time of its construction and ever since has been susceptible of exact identification. That said road is embraced in and passes over the said homestead entry made by plaintiff. That on July 22, 1893, the board of supervisors of Pima county officially adopted and recorded a certain map of Pima county compiled and drawn by the then county surveyor as the official map of said county, on which map said road is duly marked and designated. They further allege that on or about December 24, 1907, and before the filing of the suit by plaintiff, the board of supervisors of said county adopted the following resolution: "Resolved that the right of way for the construction of highways over public lands as granted by act of Congress (Rev. Stats., sec. 2477; U. S. Comp. Stats. 1901, p. 1567) be and the same is hereby accepted as far as the grant relates to a certain road in Pima county, territory of Arizona, described as follows: Beginning at the west end of St. Mary's Hospital, thence southwesterly to about 400 (four hundred) yards; thence westerly about three miles; thence southwesterly through a place commonly known and designated as Star Pass to a point connecting

with the road running through a place known and designated as Roble's Pass—that is to say, to an extent of thirty (30) feet on either side of the center line of said road." The answer further alleged: That on December 30th of the same year said resolution was recorded in the office of the county recorder of said county; that the road described in said resolution crosses the homestead entry made by plaintiff and is the subject matter of the action; that they, in common with many other persons having property interests in the Tucson Mountains, have been accustomed to the use of said road in going to and from their said properties; and that there is no other road by which they can do so. The trial court rendered judgment in favor of plaintiff as prayed for by him in his complaint, whereupon the defendants have appealed.

The facts set up by the appellants in their answer to the complaint, and as above set forth, were shown to have been substantially true upon the trial, except that the map was not recorded elsewhere than in the books of the board of supervisors, and that it did not appear therefrom whether the road in question actually crossed the land included within plaintiff's homestead entry. The sole question presented is whether or not the road alleged to cross the land described in the complaint was a public highway at the time suit was brought. In the case of *Territory* v. *Richardson*, 8 Ariz. 336, 76 Pac. 456, we held that, under the provisions of our statutes on the subject of roads and highways, public highways are such only as come within the express provisions of the statute declaring them to be such, and that roads established without authority of law, for the convenience of individuals, are without any legal status either as public highways or as private ways. We further held that, under paragraph 3956, Civil Code of 1901, which has been in force and effect in this territory since 1871, only such roads as may be located and recorded by authority of the board of supervisors have the status of a public highway. Assuming that the map referred to in the complaint did show the road in question, it appears that the only action which was taken by the board of supervisors in relation thereto was to declare it the official map of Pima county. It was not recorded or filed for record in the office of the county recorder. It did not therefore come within the statute, and hence did not operate to make the

road in question a public highway.  Our statutes do not provide for the recordation of maps elsewhere than in the office of the county recorder.

It is contended by appellants that, conceding that the road in question was not a public highway by virtue of the resolution of the board of supervisors above referred to, it became such by virtue of the resolution of the board on December 24, 1907.  Before giving the resolution of the board its effect, it must appear that the board of supervisors had jurisdiction to declare it such at that time.  By paragraph 3972 it is provided that the board of supervisors may lay out or change a public road on the petition of ten or more resident taxpayers within the county.  No other provision is found in our statutes for the establishment of public roads than is found in this paragraph.  It does not appear that the resolution was made on such petition.  Even if the board of supervisors had jurisdiction in the premises, it does not appear that the public road, as laid off by them, has been made a matter of public record in the office of the county recorder.  It is provided in said paragraph that, after the preliminary steps have been taken as required, the board of supervisors ''shall cause the location to be recorded in the county recorder's office and declare the same to be a public highway and cause notice of their action to be served upon the road overseer of the district in which said road is located.''  There is no contention that either of these steps was taken.  The matter of the establishment of public highways, as declared by us in *Territory* v. *Richardson,* is wholly statutory.  The act of Congress of 1866, being section 2477 of the Revised Statutes (U. S. Comp. Stats. 1901, p. 1567), in granting rights of way for public highways over the public domain, is not to be construed as granting such rights of way and establishing highways contrary to the laws of the state or territory in which the lands affected are located.  *Smith* v. *Mitchell,* 21 Wash. 536, 75 Am. St. Rep. 858, 58 Pac. 667.  We have no statute in this territory which recognizes that a public road or highway may be established by adverse user or by prescription.

The judgment of the trial court is affirmed.

KENT, C. J., and DOAN and NAVE, JJ., concur.