SMITH A. SULLIVAN, Appellant, v. W. O. MEFFORD ET AL.

**Highways:** PRESCRIPTION. Mere use of a road by the owner and his tenants, in going to and from different parts of his farm for a period of five years, can not be made the basis of a claim by others to a highway by prescription.

**Same:** EASEMENT: CONSTRUCTIVE NOTICE: *Bona fide* PURCHASER. The owner of land conveyed the same to one of his children, reserving a way over it for himself and his heirs owning adjoining land. By agreement of the parties the deed was placed in escrow to be delivered upon the death of the grantor in case the grantee had complied with certain conditions. The grantee conveyed the land by warranty deed without a like reservation and not having complied with the conditions, and the grantee also procured a quitclaim deed from the original grantor. *Held,* that the grantee was not charged with constructive notice of the reservation in the original deed, that the same was not a necessary muniment of his title, but that he took the land under the quitclaim deed free from the easement.

**Deeds:** DEPOSIT IN ESCROW: CONDITIONS: FAILURE OF GRANTEE TO PERFORM: EFFECT. A deed executed and placed in escrow, under a contract that it shall not be delivered until the death of the grantor and the performance of certain conditions on the part of the grantee, the land to revert in case the grantee failed to perform, does not pass the title at the time of its execution; and the only effect of a conveyance by the grantee prior to performance is an assignment of the grantees' rights under the contract.

*Appeal from Mahaska District Court.*—HON. K. E. WILLCOCKSON, Judge.

MONDAY, JUNE 7, 1909.

ACTION to enjoin the closing of an alleged way re-
sulted in the dismissal of the petition.   The plaintiff ap-
peals.—*Affirmed.*

*Nelson & David* and *H. W. Gleason,* for appellant.

*Bolton & Waggoner,* for appellees.

LADD, J.—In December, 1900, Daniel Sullivan, be-
ing the owner of considerable land, signed and acknowl-
edged deeds thereof to his several children, conveying to
each a separate tract, and with the following clause in
each deed: "The right of way is hereby reserved over
said lands for myself and heirs owning timber land join-
ing." In August, 1901, he and the nine children entered
into a contract by the terms of which each deed was to
be placed in the hands of Theodore West, to be delivered
after the death of the grantor, provided that each of the
grantees therein should perform the conditions of the con-
tract. Each of the children was to enter into possession
of his respective tract of land, and each pay his father
$50 on or before the 1st of ·January of each year until
his death, and thereafter $50 each to a named trustee,
for purposes specified. Should any child fail to comply
therewith, his right to a deed was to be forfeited, and the
tract described therein revert to the estate of the father.
Each of the children entered into possession of the respec-
tive tract described in the deed to him. That allotted to
Sarah Sullivan was the N. E. ¼ N. W. ¼, N. E. ¼
N. W. ¼ N. W. ¼, and W. ¼ N. W. ¼ N. E. ¼,
of section 31, in township 74 N., of range 17 W., of the
Fifth P. M. Fifty acres cornering on this to the northeast
was allotted to the plaintiff, and also a ten-acre wood lot
to the west of that of Sarah. Others of the children,

also, were given wood lots near that of plaintiff, to which their only access was by the way hereinafter mentioned. The land of defendant lies immediately south of that of Sarah Sullivan, and in August, 1902, he purchased the sixty acres described in the deed of Daniel Sullivan to her, and deposited with West, and she executed a warranty deed therefore containing no reservation whatever. About the same time defendant procured a quitclaim deed of said land from Daniel Sullivan. The latter died in December, 1906. Along the north side of this land there had been a passageway for thirty years previous, which had been used in gaining access to the wood lots mentioned. This had extended somewhat on the land to the north, and seems to have been fenced with a brush fence. It had been used by Daniel Sullivan and his children to go to and from these wood lots; all the land being owned by Daniel, though others may have driven over it occasionally. Plaintiff, who had resided on the land allotted to him for some fifteen years previous, had made use of this way all this time, but as a tenant of Daniel, and continued to do until it was closed by the defendant in the fall of 1905. Sarah Sullivan, upon taking possession in 1901 or 1902, erected a fence on the north line of her land, and another fence twelve to eighteen feet south of it, leaving the lane or way to the woodland open to use as before.

It will be noted that, up to the time Mrs. Sullivan took possession, no prescriptive rights had been acquired, for the owner and his tenants had merely traveled the road in going to and from different portions of his own premises, and time enough has not since elapsed for the establishment of a way by prescription. If, then, there be one at all it is because of the reservation in the deed deposited with West.

1. HIGHWAYS: prescription.

The defendant was without notice that the deed contained this, and he was not charged with constructive

notice thereof, for such deed was not necessarily one of the muniments of his title. Dickinson v. Crowell, 120 Iowa, 254. True, Sarah Sullivan executed to him a warranty deed, but she had not acquired the title, and it does not appear she ever did so. Though the deed to her had been deposited with West, this had not been done unconditionally, as in Dettmer v. Behrens, 106 Iowa, 585; White v. Watts, 118 Iowa, 549; Foreman v. Archer, 130 Iowa, 49, and like cases.

*2. SAME: easement: constructive notice: bona fide purchaser.*

Under the terms of the contract West was to deliver the respective deeds, provided "each of the grantees named therein shall have performed on his or her part the provisions herein specified." These, as seen, were: (1) The payment of $50 on or before January 1st of each year during his life; (2) the payment of the proportionate share of the taxes during such time; and (3) the payment of $50 to the named trustee after his death. "And it is hereby further and expressly understood by each of the undersigned that in case that either of us refuse, fail or neglect to carry .out his or her part of the provisions as aforesaid, shall not be entitled to receive said deed of conveyance conveying to him or her, as the case may be, the parcel of land therein described, but shall be considered as forfeited by virtue of noncompliance on our part, of any of the specified provisions as aforesaid shall revert and become a part of the estate of said Daniel Sullivan to be dealt with as by the statutes in such cases made and provided by the state of Iowa." Plainly enough West was not to deliver the deed save upon compliance with the conditions specified, and the title did not vest in the grantee named therein, but continued in Daniel Sullivan. Jackson v. Rowley, 88 Iowa, 184.

*3. DEEDS: deposit in escrow: conditions: failure of grantee to perform: effect.*

Nor does it appear that such deed ever was delivered. The contract was not complied with by her or her grantee.

But title passed from Daniel Sullivan to defendant un-der the quitclaim, without being burdened with the ease-ment. Some question is raised in the evidence as to his capacity to convey, but the record sustains the conclusion of the trial court, which we do not understand, in this respect, is challenged on this appeal. At the most the deed from Sarah Sullivan operated as an assignment of her interest in the contract under which she might have acquired the land; but, as defendant had procured the fee from the owner, he was not concerned in: its perform-ance, or in procuring the deed from West. Such deed, not forming one of the muniments in his chain of title, did not charge him with notice of its contents. Moreover, as it had never become effective by delivery, and the reser-vation never became operative in reserving a way to the grantee or his heirs as therein provided, manifestly defend-ant took the land through the quitclaim deed from the owner unburdened by the proposed easement.—*Affirmed.*

EVANS, C. J., and WEAVER, J., dissent.