168 P.2d 864

**LOVELACE v. HIGHTOWER.**

No. 4885.

Supreme Court of New Mexico.

May 1, 1946.

George A. Shipley, of Alamogordo, and H. Hudspeth, of Carrizozo, for appellant.

John E. Hall, of Albuquerque, for appellees.

BRICE, Justice.

Plaintiff-appellant (hereinafter referred to as plaintiff) sought to enjoin defendant-appellee (hereinafter referred to as defendant) from interfering with plaintiff's use of an alleged public road or highway across the lands of the latter. Judgment was for defendant, and this appeal followed.

Plaintiff plead, and relied upon, two causes of action. In the first he alleged the establishment of the road or highway in question by the acceptance of a federal grant by means of use by the public while the land was unappropriated public domain, by authority of 43 U.S.C.A. § 932, which provides: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

For his second cause of action plaintiff alleged that the road was established by prescription after the land in question was filed upon and patented by defendant's predecessor in title, through use by the public for a period of time sufficient to give a prescriptive right in the public as against the private owner. All material issues were controverted by the answer and in addition it is alleged that if a public road had in fact been established, it had since been abandoned by non-user. The passage, or line of travel, contended for by plaintiff, will be referred to as the "passage," "highway," or "road," without implying that it was in fact a prescriptive road, public or private.

The road, it is alleged, traverses the ranch and lands of defendant, which comprises some 17 or 18 sections of land

in Lincoln County. It enters near the northeast portion, crossing it in a south-westerly direction, following generally along a shallow and non-precipitous depression, or drainage area, sometimes known as Largo Canyon.

The court's findings are as follows:

(1) There has not been continuous use by the public of the road in question in its entirety, nor as to any or all parts thereof as it crosses lands of defendant, for a period of ten years prior to all of the times that Homestead Entries were made as to said lands; and this applies whether homestead entries as to the lands patented in 1923, above described, were made three or five years prior to the issuance of patents thereto.

(2) For the period of ten years subsequent to the time when all of defendant's lands came into private ownership under patents there has not been, by the public, continuous, open, uninterrupted, peaceable, notorious nor adverse, use of the road in question in its entirety, nor as to any or all parts thereof as it crosses the lands of the defendant, nor with the knowledge of defendant or of former owners; and this applies if it can be said that the period of prescription as to patented lands starts as of the time of homestead entries (though the court does not so hold in law).

Then follow the court's conclusions of law, to-wit:

(1) One method of accepting a grant for a public road on the public domain under Section 2477, Rev.St. of U.S., 43 U.S.C.A. § 932, is by continuous use thereof by the public; and the required length of time of such use is ten years in New Mexico.

(2) When homesteads are made on lands of the public domain the lands covered by such homesteads cease to be public domain, such that after the time that a homestead entry has been duly made any use of the road by the public over lands included in such entry is ineffectual to constitute a grant under said United States Statute.

(3) What is necessary and essential to establish a public road by prescription is such as is set out under Finding of Fact No. 2 above.

(4) As to other matters heretofore set out as matters of law, the court makes them as its conclusions of law.

(5) The court concludes that plaintiff's relief prayed for should be denied and that his action herein should be dismissed.

The word "highway" as ordinarily used means a way over land open to the use of the general public without unreasonable distinction or discrimination, established in a mode provided by the laws of the state where located. Ball v. Steph-

ens, 68 Cal.App.2d 843, 158 P.2d 207. In New Mexico highways are defined as follows: "All roads and highways, except private roads, established in pursuance of any law of New Mexico, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are recognized and maintained by the corporate authorities of any county in New Mexico, are hereby declared to be public highways." Sec. 58-101, N.M.Sts. 1941.

Highways can be established only as provided by the statute quoted (Board of County Com'rs v. Friendly Haven Ranch Co., 32 N.M. 342, 257 P. 998), unless they can be established by a prescriptive user.

The Federal statute involved is as follows: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

This is an offer to dedicate any unreserved public lands for the construction of highways, to become effective when accepted; Atchison, T. & S. F. R. Co. v. Richter, 20 N.M. 278, 148 P. 478, L.R.A. 1916F, 969; Moulton v. Irish, 67 Mont. 504, 218 P. 1053; Bishop v. Hawley, 33 Wyo. 271, 238 P. 284; although there is authority which holds that it is a grant in presenti, taking effect when accepted as of the date of the grant (1866), Tholl v. Koles, 65 Kan. 802, 70 P. 881; City of

Butte v. Mikosowitz, 39 Mont. 350, 102 P. 593. It is immaterial here which construction is correct. It is an offer to dedicate land that must be accepted to become effective under either holding. State ex rel. Shelton v. Board of Com'rs of Bernalillo County, 49 N.M. 218, 161 P.2d 212.

The only question we need consider is whether a highway can be established by dedication under the federal statute and state laws by public user for a period of time less than ten years, if at all. It is asserted that it can be established only by a user of ten years. But we are of the opinion that if in this state a highway can be established over public land by public user alone (that is, if the offer to dedicate can be accepted by the public without some action by the public authorities), the continued use of the road by the general public for such time and under such circumstances as to clearly prove an acceptance of the offer by it, the highway is established, whether the time of user is six months or fifty years. The time of user is competent evidence on the question of acceptance or non-acceptance by the public, but so is the amount and character of user, or any other evidence tending to prove or disprove acceptance.

It is a general rule that acceptance of an offered dedication of land for a highway may be established by proof of

affirmative acts of taking possession by public authorities or by general use by the public, provided the use is sufficient to constitute acceptance. Wilson v. Williams, 43 N.M. 173, 87 P.2d 683; City of Cincinnati v. White's Lessee, 6 Pet. 431, 8 L.Ed. 452; Irwin v. Dixion, 9 How. 10, 11, 13 L.Ed. 25; Corning v. Aldo, 185 Wash. 570, 55 P.2d 1093; McCue v. Berge, 385 Ill. 292, 52 N.E.2d 789; City of Santa Clare v. Ivancovich, 47 Cal.App.2d 502, 118 P.2d 303; Calhoon v. Pittsburgh Coal Co., 128 Pa.Super. 582, 194 A. 768; North Beach v. North Chesapeake Beach Land & Improvement Co., 172 Md. 101, 191 A. 71; La Chappelle v. Jewett City, 121 Conn. 381, 185 A. 175; City of McCook v. Red Willow County, 133 Neb. 380, 275 N.W. 396; Keiter v. Berge, 219 Minn. 374, 18 N.W.2d 35.

The Supreme Court of the United States has said that such user "ought to be for such a length of time that the public accommodation and private rights might be materially affected by an interruption . of the enjoyment." City of Cincinnati v. White's Lessee, supra [6 Pet. 439].

██ A highway may be established in New Mexico by dedication, Sec. 58-101, N.M.Sts.1941, supra, and acceptance, State ex rel. Shelton v. Board of Com'rs of Bernalillo County, supra.

No question of *implied·dedication* is involved. The United States as a landowner has made an offer to dedicate unappropriated land for highways, if accepted as authorized by this state's law, the easement for its use as a public highway was created exactly as though the dedicator was an individual landowner. If mere public user is a sufficient acceptance of an offered dedication, the ten year statute of limitation is not remotely applicable. Hester v. Sawyers, 41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536, cited in support of the trial court's holding, involved a private way over private land that had never been dedicated for such use, and has no application to the facts of this case. If Mrs. Hester had offered to dedicate a way across her property for the use of Sawyers and he had accepted it by entering the land and constructing a road, the ten year statute of limitation would not have been involved.

The courts of a majority of the states which have had the question for consideration have held that the general rule applies to the offered dedications of highways under the federal statute involved here. Schwerdtle v. Placer County, 108 Cal. 589, 41 P. 448; Streeter v. Stalnaker, 61 Neb. 205, 85 N.W. 47; Lindsay Land & Live Stock Co. v. Churnos, 75 Utah 384, 285 P. 646; Okanogan County v. Cheetham, 37 Wash. 682, 80 P. 262, 70 L.R.A. 1027; City of Butte v. Mikosowitz, supra; Ball v. Stephens, supra; Corning v. Aldo, supra; Leach v. Manhart, 102

Colo. 129, 77 P.2d 652; Tholl v. Koles, supra; Van Wanning v. Deeter, 78 Neb. 282, 110 N.W. 703; Nicolas v. Grassle, 83 Colo. 536, 267 P. 196; Hatch Bros. Co. v. Black et al., 25 Wyo. 109, 165 P. 518; Bishop v. Hawley, 33 Wyo. 271, 238 P. 284; Montgomery v. Somers, 50 Or. 259, 90 P. 674; Moulton v. Irish, supra; Murray v. City of Butte, 7 Mont. 61, 14 P. 656.

We adopted the general rule in Wilson v. Williams, supra; but the trial court appraised that case as having adopted an exception originating as dictum in opinions of the Washington Supreme Court, in which it was held that the offered dedications over public lands required user for the prescriptive term of ten years to constitute acceptance. A history of this departure from the general rule of accepting a dedication by public user will be helpful.

In Smith v. Mitchell, 21 Wash. 536, 58 P. 667, 668, 75 Am.St.Rep. 858, a construction of the federal statute, 43 U.S.C.A. § 932, involved was before that court for the first time. The question was whether a prescriptive right could attach during a period while land was held under a pre-emption or homestead claim and subsequent to patent by the United States. The land was patented in 1880 but the grantor had been in possession as a settler since 1874. The road was first used as a public highway in 1872 and so continued without interruption until 1882 when the land was fenced and a gate placed by the pre-emptor across the highway. It was not kept locked and the public used the road until 1897. The court stated: " * * * In this state the establishment of highways by prescription is recognized (State v. Horlacher, 16 Wash. 325, 47 P. 748), and roads may be established by use as well as by proceedings under the statute. It is a well-known fact that many of the public highways in this state had their inception in adverse user, which ripened into prescription. The act of congress already referred to does not make any distinction as to the methods recognized by law for the establishment of a highway. It is an unequivocal grant of right of way for highways over public lands, without any limitation as to the method for their establishment, and hence a highway may be established across or upon such public lands in any of the ways recognized by the law of the state in which such lands are located; and in this state, as already observed, such highways may be established by *prescription, dedication, user,* or proceedings under the statute. * * * Our conclusion upon this branch of the case is that the congressional grant includes and embraces any mode that is recognized for the establishment of the public highways, and carries with it whatever is necessary to make it effectual." (Our emphasis.)

There was a 10 year user subsequent to the pre-emptor's settlement on the land. The holding seems to be that the use from 1872 to 1897 created a prescriptive right in the public.

In City of Seattle v. Smithers, 37 Wash. 119, 79 P. 615, 616, the question was whether the user of a public road over private land for the period of limitations for quieting title became a public user by prescription. The court stated: "The lower court was evidently of the opinion that, before a road could become a public highway by prescription, public work or money must have been expended thereon, under the provisions of section 3846, * * * because a finding was made to the effect that no work has been done on the road at public expense. But this statute does not apply to roads which have been used adversely for a period of time sufficient to constitute a road by prescription without public expense thereon. It applies to cases only where public work, and money have been expended. In such cases seven years' user is made sufficient, in other cases the prescriptive period is coextensive with the period of limitation for quieting title to the lands. Wasmund v. Harm [36 Wash. 170, 78 P. 777], supra. The purpose of this statute was evidently to lessen the prescriptive period when public work and money had been expended. It does not affect the rule in those cases where no public work has been done. This being the effect of the statute, it follows that the findings of the trial court show a public highway by prescription."

It will be noted that Washington's seven year limitation statute applies to roads *adversely* used for that period of time, provided public work is done and public money is spent thereon.

In Okanogan County v. Cheetham, supra, the Washington court, after holding that the grant was one in praesenti (afterwards overruled by the same court), stated: "* * * Respondent contends that, as her homestead entry was made before this strip had been used as a highway for the period of 10 years, and before the county commissioners had adopted the resolution referred to, she had rights paramount to those seeking to use said strip as a highway, and that the action of the public in using said roadway and the action of the county commissioners in adopting said resolution were insufficient to deprive her of the right of control over said strip of land. * * * But questions quite similar claimed the court's attention in the case of Smith v. Mitchell, 21 Wash. 536, 58 P. 667, 75 Am.St.Rep. 858, the main distinction between that case and this being that in said case the road in question had been in use for a period of 10 years prior to the homestead entry, while here it was only seven."

The court again held that the congressional act provided for a grant in praesenti and quoted with approval from Wells v. Pennington County, 2 S.D. 1, 48 N.W. 305, 39 Am.St.Rep. 758, as follows: " 'As to the intent of Congress in this enactment granting the right of way to cross the public lands, there can be no reasonable doubt. The object of the grant was to enable the citizens and residents of the states and territories where public lands belonging to the United States were situated to build and construct such highways across the public domain as the exigencies of their localities might require, without making themselves liable as trespassers. And when the location of the highway and roads was made by competent authority or by public use, the dedication took effect by relation as of the date of the act; the act having the same operation upon the lines of the road as if specifically described in it.' "

The Washington court continued: "As to user by the public constituting an acceptance of a dedication for highway purposes, the Cyc. vol. 13, at page 465, says: 'An offer of dedication, to bind the dedicator, need not be accepted by the city or county, or other public authorities, but may be accepted by the general public. To deny this would be to deny the whole doctrine of dedication. The general public accepts by entering upon the land and enjoying the privileges offered; or, briefly, by user. Except when user is relied on to raise a presumption of dedication, *the duration of the user is wholly immaterial.*" (Our emphasis.)

Washington's seven year statute is as follows: "All public roads and highways in this state that have been used as such for a period of not less than seven years, and are now so used, where the same have been worked and kept up at the expense of the public, are hereby declared to be lawful roads and highways within the meaning and intent of the laws now existing governing public roads and highways in this state." Rem.Rev.Stat.Wash. § 6494.

This statute was in force at the date the Cheetham case was decided. On that date a highway could "be established by prescription, dedication, user, or proceedings under the statute." Smith v. Mitchell, supra.

We conclude from the Washington decisions up to that time, that because of the seven year limitation statute no highway could be established by public user alone except in cases of dedication, or by adverse user for a period of ten years over private land, thus creating a prescriptive right. But as held in the Cheetham case, the general rule regarding the acceptance of a dedication by public user was not affected by this statute.

In Vogler v. Anderson, 46 Wash. 202, 89 P. 551, 552, 9 L.R.A.,N.S., 1223, 123

Am.St.Rep. 932, the doctrine advanced by the appellee here was first announced, though unnecessary to a decision of the case. The Washington court stated: "This court reversed that decision (Okanogan County v. Cheetham), holding that continuous user for a period of seven years was sufficient to establish the way as a public highway. But it was not said, or intended to be said, that a user for any lesser period than seven years would be sufficient for that purpose. On the contrary, to hold that a lesser period would suffice in this state would violate the terms of the grant made by Congress. The grant is for a right of way to establish a public highway, *and a public highway must be established in some of the ways provided by statute before the grant takes effect.* If the road is established under the statute providing for their establishment by the board of county commissioners, it takes effect when the commissioners lawfully establish the road; but, if the road is established by adverse user, it takes effect when the adverse user ripens into a right by prescription. The shortest period allowed by statute to establish a highway by user in this state is seven years (citing statute) and no user, short of this period, can therefore be held to be an acceptance of the grant contained in the act of Congress cited. As the use in the case at bar had continued for at most but two years before the appellants entered upon the land, no right by prescription had been acquired, and the court erred in holding the way in dispute to be a public highway." (Emphasis ours.)

The statement "but, if the road is established by adverse user, it takes effect when the adverse user ripens into a right by prescription" could not properly apply to highways established under the federal statute. The user is not adverse, nor is the right a prescriptive one.

As the land involved in the Vogler case was subject to the federal statutory dedication, and mere acceptance by the public, according to prior decisions, was sufficient to make the grant effective, the cases of Smith v. Mitchell, supra, and Okanogan County v. Cheetham, supra, were in effect overruled by limiting the establishment of highways to "some of the ways provided *by statute* before the grant takes effect." There was no statute providing for such establishment by public user alone; but strange to say it was inferentially held that a *prescriptive right* could be acquired by a public adverse user for ten years, though no statute so provided.

In Stofferan v. Okanogan County, 76 Wash. 265, 136 P. 484, it was reiterated that the federal statute was not a grant in praesenti. It was contended by the landowner that a highway under Washington law could only be established in the

manner provided by the statutes of that state, as specifically held in the Vogler case, citing also Tucson Consol. Copper Co. v. Reese, 12 Ariz. 226, 100 P. 777. The Washington court stated that under Arizona law "no road could be established except under a statute," [76 Wash. 265, 136 P. 487] (exactly the holding in the Vogler case), then said: "The appellant contends that, since the act of Congress referred to is not a grant in praesenti, it can only be available by the establishment of the road by the county commissioners upon application by petition of at least 10 householders of the county residing in the vicinity of the proposed road, as provided * * * citing in support of that view Tucson Consol. Copper Co. v. Reese, 12 Ariz. 226, 100 P. 777; but in that case it was held that, under the laws of Arizona, no road could be established except under a statute similar to that contained in the sections of our statute above cited. In this state, however, we have repeatedly held that roads may be established by prescription by the use by the public for a period of not less than 7 years, where the same have been worked and kept up at the expense of the public, as provided in (citing statute), or, where not so kept up at the public expense, simply by continued use by the public for a period coextensive with the period of limitation for quieting title to land, which is, in this state, 10 years."

It thus appears that the Washington court, without citing authority or in fact giving any reason for its holding, concluded that if a highway was not established over public land under a statute it could only be established by continuous use by the public for a period of 10 years "coextensive with the period of limitation for quieting title to land." No reason is given for this holding, nor is it claimed that the tendered dedication by the United States government placed the public in any different position than if the dedication of private lands had been tendered by an individual landowner.

This continued to be the rule until the recent decision in Corning v. Aldo, 185 Wash. 570, 55 P.2d 1093, 1095. In that case the Washington court, without referring to Stofferan v. Okanogan County, supra, and Vogler v. Anderson, supra, reaffirmed the doctrine of Okanogan County v. Cheetham, supra, and that, it seems, is the present rule of the Washington supreme court.

The controversy in the Corning case was over a 20 foot strip of land used as a roadway. The court stated:

"We rest our decision herein upon two grounds: (1) That, under the evidence disclosed by the record, a public roadway was created by dedication and acceptance, and (2) that the title to the 20-foot strip

in the gully never vested in the appellants at all.

"Prior to the time that appellants contracted to purchase the land, their grantors had, by a written instrument, dedicated the 20-foot strip here in question to public use by granting to the general public the right and privilege to use the same forever for public roadway purposes. * * * Pursuant to the dedication of the 20-foot strip by its owners, the public continued to use the same, as it had previously done, for the purposes indicated. That use has continued to the present time.

"Dedication originates in the voluntary donation of the owner or seller, and, when the intention of the owner to dedicate is clear, manifest, and unequivocal, whether by a written instrument or by some act or declaration of the owner manifesting his clear intent to devote the property to public use, it becomes effective for that purpose. Shell v. Poulson, 23 Wash. 535, 63 P. 204. There can be no question in this case that the dedication of the 20-foot strip for use by the general public for roadway purposes was intentional, clear, and unequivocal.

"User by the public following dedication constitutes an acceptance of the dedication. User, if actual and continuous, *need not be for any fixed time,* because it is not a matter of prescription merely, but one of *acceptance of the grant.* Okanogan County v. Cheetham, 37 Wash. 682, 80 P. 262, 70 L.R.A. 1027. In the present case, we have an actual and continuous user from the beginning to the present. We have, then, intentional dedication followed by actual and continuous user. A roadway thereby became established." (Our emphases.)

■ While the Corning case did not involve public land, the Cheetham case (the only supporting authority cited) was such a case. In principle, the status of the landowner who makes a dedication is immaterial. The same rule that permits an acceptance by public user of a dedication made by an individual should apply to the United States as a landowner. Only acceptance by the public authorities or by user is necessary to establish a highway. The 10 year statute of limitation as applied to ways established by prescription is not a factor in establishing highways by dedication.

The following decisions of the Montana Supreme Court have been cited in support of the trial court's conclusions: Butte v. Mikosowitz, supra; Montana Ore Purchasing Co. v. Butte & B. Consol. Min. Co., 25 Mont. 427, 65 P. 420; Warren v. Chouteau County 82 Mont. 115, 265 P. 676, and State ex rel. Darsie v. Nolan, 58 Mont. 167, 191 P. 150. There should be included the following which are not cited: Murray v. City of Butte, 7 Mont.

61, 14 P. 656; State v. Auchard, 22 Mont. 14, 55 P. 361; Barnard Realty Co. v. City of Butte, 48 Mont. 102, 136 P. 1064, and Moulton v. Irish, supra.

The question here presented was first raised in Murray v. City of Butte, supra. In that case the Montana court stated: "Section 2477, Rev.St.U.S. [43 U.S.C.A. § 932], reads as follows: 'The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted.' This law is a grant to the public of an easement for the purpose therein mentioned; and it has been decided by this court that such a law is 'the highest evidence of title.' See Northern Pac. R. Co. v. Majors, 5 Mont. 111, 2 P. 322.

"The law, then, was a grant of an easement for a public use.

"In the case of City of Cincinnati v. White's Lessee, 6 Pet. 431 [8 L.Ed. 452], and 10 Curt.Dec. 179, is a leading case upon the question of dedication of land for public use. It is there held: 'There is no particular form of ceremony necessary in the dedication of land to public use. All that is required is the assent of the owner of the land, *and the fact of its being used for the public purposes intended by the appropriation.'* See, also, Smith v. Town of Flora, 64 Ill. 93.

" * * * Sec. 2477 was a grant by the government of an easement, and de-

fendant sought to prove an acceptance prior to the location upon which the patent was based. If such an acceptance of the grant of the easement could have been established, it would have been valid against the government, and therefore valid against the subsequent grantees of the government, who must take the land in question, subject to any easement which was valid against the government at the time of the location." (Emphasis ours.)

The rule laid down by the Montana cases is well stated in City of Butte v. Mikosowitz, supra [39 Mont. 350, 102 P. 595]. "We think the evidence offered on behalf of the city, touching the character and extent of the use made of the disputed ground, was ample to go to the jury. In answer to a special interrogatory the jury found that the strip had been used by the public generally as a roadway for 5 years or more, prior to July 1, 1895. The evidence was sufficient to establish a road by prescription, if the land over which it passed had been the subject of private ownership. The purpose of the congressional grant or dedication is to enable the public to acquire a roadway over public lands. The method by which the roadway is to be established is not specified; and it must be held, therefore, that the Congress intended that any acts by which the public might acquire a public roadway over private property, other than by pur-

chase, would be sufficient to constitute an acceptance of this grant or dedication."

From 1895 to 1913 a Montana statute provided in substance that a highway could not be established by user alone. Warren v. Chouteau County, 82 Mont. 115, 265 P. 676.

There are statements in some of the cases herein mentioned, and particularly State ex rel. Darsie v. Nolan, supra, to the effect that the federal dedication could not be accepted by a public user for a term less than that required to obtain title to private real estate by prescription; and the appellee cites them in support of this theory. But the Montana court in a recent case stated that such was not its intent. In Moulton v. Irish, supra [67 Mont. 504, 218 P. 1055], it was stated: "We do not wish to be understood as holding that the continuous use of a road by the public for five years prior to July 1, 1895, was necessary to establish a public highway over unappropriated public lands in order to meet the requirements of the statute. Murray v. City of Butte, 7 Mont. 61, 14 P. 656; Hughes v. Veal, 84 Kan. 534, 114 P. 1081."

It is stated in Hughes v. Veal, cited by the Montana court [84 Kan. 534, 114 P. 1083]: "A long user by the public is not necessary to an effectual acceptance of a dedication where the owner (the United States in this instance) has given consent, and is holding out a standing offer to dedicate land for a highway. Where there is consent by the owner, the length of time of the public use is not important, for upon an acceptance by use the rights of the public to an easement immediately passed and vested. Schwerdtle v. County of Placer, 108 Cal. 589, 41 P. 448."

And that seems to be the present holding of the Montana court.

In Maynard v. Bara, 96 Mont. 302, 30 P.2d 93, 95, the question of whether a highway had been established was an issue. It was said that under the facts, the judgment could be sustained only upon the theory of prescription or common-law dedication; that prior to July 1, 1895 a highway could be established by prescription, but after that date and until 1913 it could not be so established, "unless the use was accompanied by some action on the part of the public authorities having jurisdiction of the subject, tantamount to a declaration that the particular road was a public highway," citing State ex rel. Darsie v. Nolan, supra. It was then stated that in 1913 the law was amended so that its status was similar to that existing prior to July 1, 1895. The Montana court then cautiously stated: "It is unnecessary, as we shall presently see, for us to determine the exact status of the law as to the establishment of a highway by prescription subsequent to 1913." So far

as we are advised this particular question has not been before the Montana court since Moulton v. Irish, supra; but the question was settled in that case adversely to the holding of the district court.

The appellee cites a number of cases having reference to prescriptive rights of individuals over private lands, such as Hester v. Sawyers, supra; Pope v. Alexander, 36 Mont. 82, 92 P. 203, 565; Burling v. Leiter, 272 Mich. 448, 262 N.W. 388, 100 A.L.R. 1312; Jensen v. Gerrard, 85 Utah 481, 39 P.2d 1070; Sullivan v. Mefford, 143 Iowa 210, 121 N.W. 569, and some other cases having no reference to the establishment of public highways over public or private lands, not material to the questions presented here; and they are not reviewed.

■ Tucson Consol. Copper Co. v. Reese, supra, is cited by the appellee. It holds that a statute of Arizona prohibits the establishment of a highway by use alone. We have no such statute, and hold that a public highway can be established in New Mexico by use alone. The case is not applicable.

The North Dakota cases cited are controlled by a statute which provides that 20 years public user is required in that state to establish a highway by use alone. Obviously these cases are not authority here.

■ The trial court erred in its conclusion that it required a public use for ten years to effect an acceptance of the offered dedication of a highway over unreserved lands of the United States, under 43 U.S.C.A. § 932, for which the decree must be reversed in part.

The appellant asserts by his second cause of action that he and the general public had used and traveled the road in question for more than twenty years prior to the bringing of this suit; that said use for all this time had been continuous, uninterrupted, adverse to all others and under a claim of right.

The trial court found as follows: "For the period of ten years subsequent to the time when all of defendant's lands came into private ownership under patents there has not been, by the public, continuous, open, uninterrupted, peaceable, notorious nor adverse, use of the road in question in its entirety, nor as to any or all parts thereof as it crosses the lands of the defendant, nor with the knowledge of defendant or of former owners; and this applies if it can be said that the period of prescription as to patented lands starts as of the time of homestead entries (though the court does not so hold in law)."

We stated in Board of County Com'rs v. Friendly Haven Ranch Co., supra, regarding a road that had been used by the public generally for forty years: "* * * The court found that there is a road at

the place in controversy, which has been traveled by the public generally for a period of more than 40 years. There is no finding as to the character of the use made of the road by the public, whether it was. adverse under claim of right, or whether it was merely permissive. The proof shows that the road was privately constructed and maintained, and tends to show that the use made of the road by the neighbors and the public was. permissive at all times. No dedication of the road to public use is shown. Under such circumstances, it would seem clear that no public road exists at the place involved. * * *The proposition is not open to debate, and all the courts agree that in order to establish a highway by prescription the public use must be adverse, uninterrupted, continouus, and under claim of right."

We need not go into the question of whether a highway may be established by prescription. Meek v. Love, 197 Ark. 394, 122 S.W.2d 606. It is the general rule that usage by the general public continued for the length of time necessary to create a right of prescription if the use had been by an individual, will be sufficient provided such usage is open, uninterrupted, peaceable, notorious, adverse, under a claim of right, and continued for a period of ten years with the knowledge, or imputed knowledge of the owner. Hester v. Sawyers, supra.

We have read the voluminous testimony, and find in it substantial evidence to support the court's second finding. It would serve no useful purpose to review it here. It is conflicting to a high degree, but it was the function of the trial court to determine the facts.

The trial court did not err in holding that a highway had not been established over appellee's land, as claimed by appellant, after title, or inchoate title, had passed from the United States.

It should be stated that if a highway as claimed by appellant was established while the land was the unreserved property of the United States, the fact it thereafter passed into private ownership did not affect the rights acquired by the public by its acceptance of the offered dedication. Korf v. Itten, 64 Colo. 3, 169 P. 148; Red River, etc., R. Co. v. Sture, 32 Minn. 95, 20 N.W. 229; Duffield v. Ashurst, 12 Ariz. 360, 100 P. 820; Ball v. Stephens, supra; Nicolas v. Grassle, 83 Colo. 536, 267 P. 196.

It is to be regretted that the cause cannot be remanded for new findings, but inasmuch as the judge who tried the case below died soon thereafter, we can only remand it for a new trial of the first cause of action, and defenses as pleaded.

The decree is affirmed as it affects the second cause of action, and reversed and

remanded to the district court with instructions to set aside its decree and grant a new trial of the issues in the first cause of action, and thereafter enter a decree not inconsistent herewith.

It is so ordered.

SADLER, C. J., and BICKLEY and LUJAN, JJ., concur.

HUDSPETH, J., did not participate.