[No. 7334. Department Two. June 27, 1910.]

PORTLAND AND SEATTLE RAILWAY COMPANY, *Respondent*, v. SKAMANIA BOOM COMPANY, *Appellant*.[1]

APPEAL—REMAND—VACATING SUPERSEDEAS ON CERTIORARI—EFFECT —REMITTITUR. Where, upon affirmance of an order adjudging a public use in a condemnation case, the supreme court vacated the supersedeas granted at the time of allowing the writ of review, the lower court may proceed with the trial without waiting for the remittitur from the supreme court.

APPEAL—REVIEW — HARMLESS ERROR — COURTS — ORDER OUTSIDE COUNTY. Error, if any, in setting a cause for trial by an order made outside of the county in which the action is pending is harmless where the party had notice and a fair trial.

EMINENT DOMAIN—PROCEEDING—ASSESSMENT OF DAMAGES. Where the full title to land had been condemned for a railroad right of way, the owner is not entitled, in proceedings to assess damages, to have the company produce the plans for the construction of the roadbed.

EMINENT DOMAIN—DAMAGES—EXPERT WITNESSES—COMPETENCY. Where there was an issue as to whether land condemned was more valuable for farming purposes or for booming purposes, it is proper to overrule an objection to the competency of two witnesses who were farmers and competent to testify as to its value for agricultural purposes.

SAME—EVIDENCE—MATERIALITY. Upon an issue as to the value of land condemned for a railroad right of way, the company should not be required to produce the plans for a bridge which was not on the land in controversy.

[1]Reported in 109 Pac. 814.

SAME—APPEAL—REVIEW—VERDICT. The award of a jury in a condemnation proceeding well within the extremes of conflicting evidence, after a view of the premises, is conclusive on appeal.

Appeal from a judgment of the superior court for Skamania county, McCredie, J., entered October 17, 1907, upon the verdict of a jury awarding damages in a condemnation proceeding. Affirmed.

*George S. Shepherd, Helmus W. Thompson,* and *Virgil A. Crum,* for appellant.

*A. L. Miller* and *Carey & Kerr,* for respondent.

RUDKIN, C. J.—This is an appeal by a property owner from the award of damages in a condemnation case. The order adjudicating the questions of public use and public necessity has heretofore been reviewed by this court at the instance of the present appellant. *State ex rel. Skamania Boom Co. v. Superior· Court,* 47 Wash. 166, 91 Pac. 637. The order was there affirmed in an opinion filed September 13, 1907, and the opinion closed by vacating the order theretofore granted suspending further proceedings in the court below. On the 28th day of September following, a formal order was entered of record in this court vacating the supersedeas granted at the time of the allowance of the writ of review. The first error assigned is based on the order setting the case for trial before a jury, before the remittitur from this court was sent down or filed in the court below. There is no merit in this assignment. The power of this court to vacate the supersedeas is not questioned, and as soon as this was done, the court below was at liberty to proceed with the trial, without let or hindrance from this court.

It is next contended that the order setting the case for trial before a jury was made outside of the county in which the action was pending, and was, ·therefore, without the jurisdiction of the court and void. If we were to concede that the record shows that the order complained of was granted outside of the county and was for that reason void, it does not

appear that the appellant was prejudiced thereby. It was accorded a fair and impartial trial, with full opportunity to be heard, and notice of the time and place of trial is intended for no other purpose. The ruling was therefore not prejudicial.

The next two assignments relate to the trial of the action before a jury without proper notice or the payment of a jury fee; but these assignments were waived on the oral argument. *Sholin v. Skamania Boom Co.*, 56 Wash. 303, 105 Pac. 632, and cases cited.

It is next contended that the court erred in denying a motion to require the respondent to produce and submit plans for the construction of its roadbed across the property in question. This claim of error, it seems to us, is based on a false assumption on the part of the appellant. It assumes that it will have a right to use the property taken jointly with the respondent, and that its damages will, therefore, depend on the character of the use made of the property by the respondent. But the respondent has acquired the right to the exclusive use of the strip of land taken for railroad purposes, and to wholly exclude the appellant therefrom, and it would therefore seem immaterial whether the roadbed was constructed on a trestle or on a fill or embankment. The damages to the appellant arise from the deprivation of the use of the property and not from the manner in which the property may be used by the respondent. Furthermore, it would seem that the appellant was fully advised as to the character of the use to be made of the property by the proceedings already had in the cause, and the numerous maps and plats filed therein, and we are satisfied that no harm resulted to the appellant from the ruling complained of.

Objection is next made to the competency of two witnesses called by the respondent on the question of damages. These witnesses were farmers who had lived in the vicinity of the land taken for nearly thirty years. They were fully competent to state the value of the land taken for agricultural

purposes, and this was practically the only use made of the property up to that time. The appellant contended that the land was chiefly valuable for booming purposes, and it insists that these witnesses were not competent to fix its value for such purposes. This may be conceded, but it might be said, on the other hand, that the witnesses who fixed the value of the land for booming purposes for the appellant did not know its value for agricultural purposes. The use for which the property taken was most valuable, as well as the measure of damages, was in issue before the jury, and testimony which would be competent in one aspect of the case might be utterly immaterial in another. If the jury should find that the land was chiefly valuable for booming purposes, they would, of course, disregard testimony tending to show its value for agricultural purposes, and if they found it chiefly valuable for agricultural purposes, they would disregard the testimony tending to show its value for booming purposes. The witnesses were, therefore, competent to give testimony on a material issue in the case, and the objection to their competency was properly overruled.

It is next contended that the court erred in refusing to require the respondent to produce and file a plan of its proposed bridge across Wind river. It is conceded that the bridge in question is not on the land in controversy, and there was no error in this ruling.

It is next contended that the damages allowed by the jury are inadequate, but on this question there was a wide and hopeless conflict in the testimony. There was testimony tending to show that the resulting damages would be any place from a few hundred dollars to as many hundred thousand dollars, and the verdict is well within the extremes given by the different witnesses. The jury and the trial judge heard the testimony and viewed the premises, and their conclusion is final on this court. *Portland & Seattle R. Co. v. Clarke County*, 48 Wash. 509, 93 Pac. 1083.

It is lastly contended that the court erred in its decree of

appropriation, by divesting the appellant of all right, title,. and interest in or to the lands taken. The decree in this respect must be construed in connection with the statute, and as thus construed it is not erroneous. Finding no error in the record, the judgment is affirmed.

MOUNT, DUNBAR, CROW, and PARKER, JJ., concur.