[No. 11645.   Department One.   February 28, 1914.]

MESKILL & COLUMBIA RIVER RAILWAY COMPANY, *Respondent,*

v. F. W. LUEDINGHAUS *et al., Appellants.*[1]

EMINENT DOMAIN—DAMAGES—EVIDENCE—REMOTENESS. In condemnation proceedings for a toll logging road through a narrow canyon leading to a body of timber, evidence of the value of the canyon based on the assumption that it was the most available outlet for the timber, is inadmissible as too remote and speculative, where the owners of the canyon did not own any of the timber, and it was not known when the timber would be logged or by what route the logs would be transported.

Appeal by defendants from a judgment of the superior court for Lewis county, Rice, J., entered July 3, 1913, upon the verdict of a jury awarding damages in a condemnation proceeding. Affirmed.

*John A. Shackleford* and *F. D. Oakley* (*W. A. Reynolds*, of counsel), for appellants.

*Forney & Ponder* and *Dysart & Ellsbury*, for respondent.

[1]Reported in 139 Pac. 52.

MAIN, J.—The purpose of this action was to acquire title
to real property by the exercise of the right of eminent do-
main.

At the time the action was instituted, the appellants were
the owners of the east half of the southeast quarter of sec-
tion 8, township 13, range 4 west W. M., in Lewis county,
Washington. Across this land from south to north, extends
what is known as Hope creek canyon. This is a narrow de-
file, with the hills on either side rising precipitously. The
width of the canyon at its narrowest point, measuring from
the foothills on the one side to the foothills on the other,
is estimated by the witnesses to be from 45 to 75 feet. Down
this canyon, flows a small stream known as Hope creek, which
empties into the Chehalis river at a point to the north of the
appellants' land. Covering the watershed of Hope creek, is
a large body of heavy timber, owned by strangers to this ac-
tion.

The respondent sought to condemn a right of way across
the land above described, 60 feet wide and extending through
Hope creek canyon, for the purpose of the construction and
operation of a toll logging road, the primary purpose being
to enable the respondent to convey the logs from lands owned
by it to the Chehalis river. Upon a hearing, the court en-
tered an order of public use and necessity. In due time, the
case came on for trial before the court sitting with a jury
to determine the damages. Upon the trial, the appellants
offered evidence to show the value of the property taken for
the purpose of a toll or public logging road, based upon the
assumption that all the logs from the watershed of Hope
creek would eventually pass down this canyon, as they
claimed it was the most available outlet. This evidence was
rejected as too remote and speculative. The appellants were
permitted to prove, not only the value of the land for the use
to which it was then devoted by the owners, but for any pur-
pose for which it was then reasonably and naturally adapted.
The jury returned a verdict assessing the damages at the

sum of $250.  Upon the verdict, judgment was entered, from which judgment the present appeal is prosecuted.

The primary question to be determined is the correctness of the court's ruling in excluding evidence as to the value of the land taken for a toll or public logging road when used in connection with the logging of the watershed of Hope creek, the timber upon this watershed being owned by neither of the parties to the action.

The general rule is that, in estimating the value of the land taken and damages to the remainder, if any, not only the use to which the property is then devoted may be considered, but any purpose for which it is at the time reasonably and naturally adapted. *Seattle & M. R. Co. v. Murphine*, 4 Wash. 448, 30 Pac. 720; *Portland & Seattle R. Co. v. Skamania Boom Co.*, 59 Wash. 191, 109 Pac. 814; *Boom Co. v. Patterson*, 98 U. S. 403.  In the case last cited, it is said:

"So many and varied are the circumstances to be taken into account in determining the value of property condemned for public purposes, that it is perhaps impossible to formulate a rule to govern its appraisement in all cases.  Exceptional circumstances will modify the most carefully guarded rule; but as a general thing, we should say that the compensation to the owner is to be estimated by reference to the uses for which the property is suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future."

We think the evidence offered did not come within the rule stated.  The timber upon the watershed of Hope creek was owned by other parties.  When it would be logged, and in what manner and by what route the logs would be transported, were matters which were contingent upon the will of the owners alone.  This being true, the value, if any, which the logging of that particular land might add to the value of the land in Hope creek canyon would be remote and speculative.  Such damages are not allowed.  *Munkwitz v.*

*Chicago, M. & St. P. R. Co.*, 64 Wis. 403, 25 N. W. 438; *Powers v. Hamilton & L. R. Co.*, 33 Ohio St. 429.

In the case last cited, the land was sought to be condemned for railroad purposes. Upon the trial, the owners proposed to prove that the ravine through which the proposed right of way ran had a special value as the only roadway to market for coal on lands not owned by them, and the amount of rent that had been and could be obtained per ton for conveying coal on their railroad from mines belonging to other persons. This evidence was rejected by the trial court. The appellate court, in passing upon the ruling, said:

"The difference in the value of the owner's property with the appropriation and that without it, is the rule of compensation. This difference must be ascertained with reference to the value of the property in view of its present character, situation, and surroundings. It cannot be enhanced by proving facts of a contingent and prospective character, such as the probable rents that may be derived from the property, or its special value as a prospective monopoly of a roadway to the adjoining lands of other persons."

Complaint is also made of instructions given, and the failure to give certain requested instructions. But we find no error in this regard.

The judgment will be affirmed.

CROW, C. J., ELLIS, and CHADWICK, JJ., concur.