[No. 2405.  Decided January 18, 1897.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE HORLACHER, *Appellant*.

NUISANCE — OBSTRUCTING PUBLIC HIGHWAY — EVIDENCE — ESTABLISH-
MENT BY PRESCRIPTION — INSTRUCTIONS.

The fact of the existence of a public highway may be established by any competent evidence, and, in a prosecution for its obstruction, there is no compulsion upon the state to elect whether it would rely upon the establishment of the highway by prescription, dedication, user, or the order of the county commissioners.

In a prosecution for maintaining a public nuisance by construct-ing a fence across a public highway, a letter from the county com-missioners to defendant agreeing to a change in the road as proposed by defendant, if he could get all interested parties to agree, is inadmissible for the purpose of showing good faith and negativing wilful obstruction by the defendant, when there is no showing that he had complied with the terms of the letter.

Where proof of the use by the public of a highway over defend-ant's land has been confined to acts and declarations, it is not error to refuse to allow defendant to state whether or not he had consented to the use of the highway.

The character of a road as a public highway, established by pre-scription, is not affected by immaterial changes and alterations in the travel over it by the public.

In a prosecution for obstructing a public highway which the evi-dence shows had been established by public user for a period of fifteen years, an instruction that the jury must find from seven to ten years' user by the public is not prejudicial, in view of the evi-dence, when other instructions clearly show the length of time essential to establish a highway by prescription.

Appeal from Superior Court, Whitman County.— Hon. E. H. SULLIVAN, Judge.  Affirmed.

*Trimble & Pattison*, for appellant.
*H. W. Canfield*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

REAVIS, J.—The defendant was charged with erect-

ing, continuing and maintaining a public nuisance by constructing a fence across a public highway in Whitman county. The information was filed under subdivision 4 of the act relating to nuisances, approved March 2, 1895, (Laws 1895, p. 19, § 1), which declares:

"It is a public nuisance to obstruct or encroach upon public highways, private ways, streets, alleys, commons, landing places, and ways to burying places."

Defendant at the trial was found guilty by the jury and judgment of the court entered in accordance with the verdict, and the judgment also directed the removal of the obstruction by the sheriff. Defendant appeals.

The testimony introduced by the state showed the continued and uninterrupted use of a public highway between the city of Colfax and the town of Rosalia in Whitman county for more than fifteen years, across a quarter section of land known at the trial as the "Horlacher tract," with but a single material change on the tract. This change was made to improve the condition of the grade over a ridge or hill, and was done by the road overseer. Afterwards a fence was erected along the line of the road as made by the grade by the owner of the land. Public monies were expended for several years on this road under supervision of the road overseer. No change was ever made in the road at the point defendant obstructed it.

The first error assigned by appellant is that the state should have been compelled to elect whether it would rely on prescription, dedication, user or legal establishment by the county commissioners of the existence of the highway obstructed by defendant. It was not necessary to make such election. The fact of the existence of a public highway may be established by any competent evidence, and there is no distinction in the

validity of either method of the establishment of a
public highway in this state. An imperfect effort by
the proper authorities to lay out a highway may be
material and competent evidence to show right in the
public by dedication or user.

It is also urged by appellant that the trial court
erred in sustaining objections to the introduction of
testimony by the defendant at the trial. A letter from
the clerk of the board of county commissioners in
answer to a letter from defendant relating to the road
was not admitted in evidence. The letter was by or-
der of the board of commissioners and stated, among
other things:

"It is recommended that you and Ledbetter together
with those interested with you agree upon the change
in the route as surveyed by Whiteis [Horlacher
Change] and when you do this the board will make
the proper orders to secure you a road. If you can
all agree upon the road as you suggest in your letter
I think you would be perfectly safe in putting your
fences upon the agreed line."

No offer was made by the defendant to show that he
had complied with the terms of the letter, and on this
ground the court excluded it from the consideration
of the jury. This ruling was correct. The letter
could only, in any event, be material to negative the
wilful obstruction of the highway by defendant and
to show his good faith. The board of commissioners
did not have the authority to change the highway
except in the manner directed by law.

Another error complained of was that defendant
was not allowed to state whether he had consented to
the use of the highway. The inquiry was properly
directed to the acts and declarations of defendant re-
lating to the use by the public of the highway, and

nowhere was the formal consent of defendant attempted to be shown by the state, but the proof was directed solely to acts and declarations.

The errors assigned to the court's instructions to the jury are not sufficient to reverse the case. With the exception of two, they all relate to the proof of a highway by prescription and, upon the testimony in the cause, stated the law. The exceptions were, one in which the jury were told that immateral changes and alterations in the travel of the highway by the public would not change the character of the road; the other instruction was that the jury must find from seven to ten years' user. The court in the last instruction evidently had in view the curative statute of 1889–90, (Laws p. 733) entitled " An act correcting informalities of record in the establishment of the various public roads and highways in this state." But, in view of all the testimony in the case, it cannot be said that defendant was prejudiced by the last instruction, as it was not necessary, upon the testimony in the record, for the state to invoke the curative statute to maintain the highway. Taken together with the other instructions given, the case was fairly submitted to the jury, and the proof of a highway by prescription was clear.

Upon the record here the judgment must be affirmed.

SCOTT, C. J., and DUNBAR and GORDON, JJ., concur.