[No. 3238.   Decided October 10, 1899.]

THEOPHILUS SMITH, *Respondent,* v. B. R. MITCHELL, *Appellant.*

RIGHT TO JURY TRIAL—INJUNCTION.

An action for the purpose of enjoining a public nuisance, in which no damages are alleged or sought, is of an equitable nature, in which a jury trial is not demandable as of right.

PUBLIC NUISANCE—REMEDY OF PRIVATE PERSON.

Where the only means of ingress to, and egress from, the lands of a private person in order to reach a market for the products of his farm and nursery is a public highway, the obstruction of such highway is of such special injury to him, as to authorize his maintaining an action to enjoin it as a public nuisance, under Bal. Code, § 3093, which provides that "a private person may maintain a civil action for a public nuisance, if it is specially injurious to himself, but not otherwise."

HIGHWAYS—ESTABLISHMENT ON PUBLIC LAND BY PRESCRIPTION.

Under Rev. St. U. S., § 2477, granting right of way over government lands for the construction of highways, the establishment of highways over public lands by prescription is authorized, wherever such method is recognized in any state or territory as a mode for the establishment of public highways.

Appeal from Superior Court, Whitman County.—Hon. ORANGE JACOBS, Judge.   Affirmed.

*J. T. Brown,* for appellant:

Upon the point that Rev. St. U. S. § 2477, does not apply to highways established by prescription, but that the government grant of right of way over its lands must be accepted by the local public officers, counsel cites *Forbes v. Balenseifer,* 74 Ill. 183; *Gentleman v. Soule,* 32 Ill. 280 (83 Am. Dec. 264); *Tillman v. People,* 12 Mich. 401; *Commonwealth v. Kelly,* 8 Grat. 632; *Morse v. Ranno,* 32 Vt. 600; *Holmes v. Jersey City,* 1 Beas. 299; *Mayberry v. Inhabitants,* 56 Me. 342; *Bowers v. Suffolk Mfg. Co.,* 4 Cush. 332; *Phipps v. State,* 7 Blackf. 512; *Bigelow v. Hilman,* 37 Me. 52; *Cyr v. Madore,* 73 Me. 53; *Stacey v. Miller,* 14 Mo. 478 (55 Am. Dec. 112); *Harding v. Jasper,* 14 Cal. 649; *San Francisco v. Calderwood,* 31 Cal. 589 (91 Am. Dec. 542); *Jackson v. State,* 6 Coldw. 532; *Hutto v. Tindall,* 6 Rich. 396; *State v. Horn,* 35 Kan. 717; *Kyle v. Town of Logan,* 87 Ill. 64; *Stewart v. Frink,* 94 N. C. 487 (55 Am. Rep. 619); *Mansur v. State,* 60 Ind. 357; *Mansur v. Haughey,* 60 Ind. 364; *Harper v. Charlesworth,* 4 Barn. & C. 574; *Booraem v. North Hudson County Ry. Co.,* 39 N. J. Eq. 465; *Richards v. County Commissioners,* 120 Mass. 401; *Sharp v. Mynatt,* 1 Lea, 375; *Russell v. State,* 3 Coldw. 119; *Bailey v. Fairfield,* Brayt. (Vt.) 128.

*Trimble & Pattison,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—This action was brought by the respondent for the purpose of obtaining a perpetual injunction against appellant, restraining him from obstructing a public highway situate in Whitman county. The complaint alleges that respondent, in 1874, settled upon a quarter section of land adjacent to the alleged highway as a homestead, and has ever since that time continued to

reside thereon, and has perfected his title thereto; that at the time of his location the road in question was, and for a number of years prior thereto had, and ever since that time has been used by the public as a public highway leading into the town of Colfax, a portion of said highway running across land of the appellant. In brief, the complaint alleged the establishment of this highway by prescription or limitation. There was a demurrer to the complaint, which was overruled, and, upon issue of fact thereafter joined, the case came to trial. At the trial the appellant (defendant here) demanded a jury. The court ruled, however, that the action was in equity, and impaneled a jury as advisory merely, and thereafter made findings and entered a decree in respondent's favor.

One of the assignments relied on for reversal is that the court erred in ruling that the action was equitable, and denying appellant's demand for a jury trial. No damages were alleged in the complaint or sought to be recovered by respondent in the action, and the ruling was correct.

Section 3092, Bal. Code, is as follows: "The remedies against a public nuisance are: Indictment (or information), a civil action, or abatement. . . ." The following section (3093) is as follows:

"A private person may maintain a civil action for a public nuisance, *if it is specially injurious to himself,* but not otherwise."

Under these provisions of the statute, the court did not err in overruling the demurrer to the complaint on the ground that the respondent has no such interest as would enable him to maintain the action. Section 3093, *supra,* expressly authorizes an action by a private person when the nuisance complained of is specially injurious to himself; and in the complaint, in addition to what has been stated, it was alleged that the respondent was the owner of very valuable improvements, including an orchard and

nursery, upon a farm owned by him adjacent to the road in question, and had taken numerous orders for the sale of nursery stock; that there was no outlet to market for the products of his farm and nursery excepting by this highway; and in other respects brought himself, as we think, squarely within this provision of the statute.

A more important question is whether a prescriptive right can attach during a period while land is held under a pre-emption or homestead claim and prior to patent by the United States. The land of the appellant was patented to his grantor in 1880, and for many years prior thereto said grantor had been in possession of the land as a settler. The lower court found—and the finding is abundantly sustained by the evidence—that the road was first used as a public highway in 1872, and continued to be used as such, without any obstructions, until some time in the year 1882, when a gate was placed by defendant across such highway, but that the gate for a long time thereafter was not kept locked, and that in 1897 defendant not only securely fastened the gate, but he extended a barbed wire fence across said road. The court also found "that this road has been used as a public road or highway of right by all people who desire to use it as such, and that such use was adverse, open, notorious, and continuous and without obstruction, until some time in the year 1882, and that such use extended over ten years." Appellant contends that no prescriptive right or right by limitation could begin while the land was government land, and that the statute of limitations would not begin to run, and user would not be adverse to the grantees of the government, until after the issuance of the patent; and counsel for appellant has cited numerous cases in support of this contention. Respondent bases his resistance to this contention upon § 2477 of the Revised Statutes of the United States (edition of 1878), which was enacted in 1866, pro-

viding that "the right of way for the construction of high-
ways over public lands, not reserved for public uses, is
hereby granted."    This section is not construed or re-
ferred to in any of the cases cited by the appellant.    Those
cases either arose prior to the passage of the act of con-
gress just referred to, or in states wherein the establish-
ment of public highways by prescription is not recog-
nized.    In this state the establishment of highways by
prescription is recognized (*State v. Horlacher,* 16 Wash.
325, 47 Pac. 748), and roads may be established by use
as well as by proceedings under the statute.    It is a well-
known fact that many of the public highways in this state
had their inception in adverse user, which ripened into
prescription.    The act of congress already referred to
does not make any distinction as to the methods recognized
by law for the establishment of a highway.    It is an un-
equivocal grant of right of way for highways over public
lands, without any limitation as to the method for their
establishment, and hence a highway may be established
across or upon such public lands in any of the ways recog-
nized by the law of the state in which such lands are
located; and in this state, as already observed, such high-
ways may be established by prescription, dedication, user,
or proceedings under the statute.    Any other conclusion
would occasion serious public inconvenience.    If, after
uninterrupted general use of a supposed highway for a
long term of years, it was found possible, under the law,
for any person owning land across which such highway
might extend, to close the road to travel and force the
public to await the outcome of the slow and tedious pro-
cedure provided by statute for the establishment of high-
ways, the public welfare and convenience would be greatly
impaired and retarded and serious damage and irreparable
injury would follow.    In the main, these highways had
their beginning at a time when all, or nearly all, of the

adjacent land belonged to the general government. They are usually along the most accessible routes of travel and conform to the physical conditions of the country, and, when generally traveled by the public without interruption or hindrance for a period of ten years, they must be regarded as firmly established in law, as if formally established by proceedings under the statute. As was said by Judge COOLEY, in *Flint, etc., Ry. Co. v. Gordon,* 41 Mich. 420 (2 N. W. 648), in commenting upon this provision of the federal statute granting rights of public highway:

" Such roads facilitate the settlement of the country, and benefit the neighborhood, and in both particulars they further a general policy of the federal government. But they also tend to increase the value of the public lands, and for this reason are favored."

Our conclusion upon this branch of the case is that the congressional grant includes and embraces any mode that is recognized for the establishment of the public highways, and carries with it whatever is necessary to make it effectual.

An examination of the record has convinced us that no reversible error was committed by the court in the admission or rejection of evidence at the trial, and the charge was in conformity with the principles of law herein recognized.

The decree is affirmed.

REAVIS and DUNBAR, JJ., concur.

FULLERTON, J., not sitting.