[No. 7686. Decided October 27, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. A. RIXIE *et al.*, *Appellants.*[1]

HIGHWAYS—OBSTRUCTION—EVIDENCE—ADMISSIBILITY. In a prosecution for obstructing a public road, a part only of which was closed by gates, testimony as to the gates was immaterial upon an issue as to other portions of the road across which defendants felled a tree for the purpose of preventing travel thereon.

SAME—EVIDENCE—SUFFICIENCY—HIGHWAY BY PRESCRIPTION. The testimony of a pioneer that a road was opened in 1852 and had been continuously traveled by the public as a public highway ever since that time without any interruption, is ample to make a case for the jury on the question of a highway by prescription, by adverse use and claim of right, and it is immaterial that the highway led up to a gate and continued no farther.

SAME—PRESCRIPTIVE USE ACROSS PUBLIC LANDS. A highway may be established across public lands by adverse use.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered February 5, 1908, upon a trial and conviction of obstructing a public highway. Affirmed.

*Vance & Mitchell*, for appellants.

*P. M. Troy*, for respondent.

HADLEY, C. J.—This is a prosecution for the obstruction of a county road. The defendants were jointly tried before a justice of the peace and a jury, in Thurston county. They were convicted and a fine of $50 was assessed against each defendant. They thereupon appealed to the superior court of Thurston county, where they were again tried before a jury. They were again convicted, and the court adjudged that each defendant shall pay a fine of one dollar, and that they shall also be required to pay the costs of the suit, amounting to $239.60. Both defendants have appealed to this court.

[1]Reported in 97 Pac. 804.

Appellants assign as error that the court denied their motion for nonsuit and for a directed verdict at the close of the state's testimony. They contend that the state failed to show that the way obstructed is a public highway. If it is a public road, it has become such by prescription through adverse user. There was much said in the testimony about certain gates which it is claimed cross this way. It is argued that the maintenance of the gates shows a permissive use only. Whatever may be true about the way included between the points designated on the plat in the record as "gate No. 1," to the north, and "gate No. 2," to the south thereof, it must be said that that particular place is not in controversy here. The county does not claim that the way between the gates, or any way at that place to the north of gate No. 2, is a public highway, and the state did not undertake to make such claim in behalf of this prosecution. The claim of the county is that all of the traveled way there to the south of gate No. 2, and which is designated on the plat as "old road," is a public highway, and that it was that road which the appellants obstructed.

The state introduced testimony to show that appellants cut a tree and caused it to fall across this way some distance to the south of gate No. 2, and that they did it for the purpose of obstructing the road and preventing traveling thereon. The testimony concerning the gates was, therefore, immaterial so far as the obstruction caused by the fallen tree was concerned, and it was for the jury to determine without reference to the gates whether the place of the obstruction was in a public highway.

The testimony of Andrew Chambers, a venerable pioneer of that region, was to the effect that the road from gate No. 2 to the southeasterly, including the place of the obstruction, was opened in 1852, and that it has been continuously traveled by the public as a public highway since that time. We think the evidence that there has never been any interruption of the travel there since 1852 was ample for the jury, on

which they might determine whether the travel was adverse under a claim of right and whether the way had become a public highway by prescription. If the use was continuous and adverse, then, under any statute of limitation upon the subject that has ever existed in the territory or state, the highway was long since established. It is immaterial that the traveled way may lead up to gate No. 2 and no further, not connecting on the north with another highway.

"It is settled that a *cul de sac* may be a highway, or in other words that it is not essential that the highway be open at both ends so as to form a thoroughfare, but it may be closed at one end by private lands or buildings." 15 Am. & Eng. Ency. Law (2d ed.), 351, and cases there cited.

The cause was therefore properly submitted to the jury, and it was not error to deny the motion for nonsuit or for a directed verdict.

Complaint is made of the instructions, but we find no error therein. We think the instructions were clear, direct, and to the point, and that they fully covered the legal propositions involved in the case. During the early days of the travel over this road, it ran across government land, and the court instructed that it was immaterial for the purposes of establishing a highway by prescription whether it ran across government land or over private premises. This was correct within the decision of this court in *Smith v. Mitchell*, 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858. We do not find any error on the part of the court, and the verdict of the jury settled the facts in the case against the appellants. The judgment is therefore affirmed.

RUDKIN, MOUNT, CROW, DUNBAR, and ROOT, JJ., concur.