[No. 12485.   Department One.   February 1, 1915.]

MASON COUNTY, *Appellant*, v. H. E. McREAVY, *Respondent*.[1]

HIGHWAYS—ESTABLISHMENT—PRESCRIPTION.   A public highway is acquired by prescription, where, by a plat of abutting uplands, a public street was attempted to be dedicated over adjoining tide lands at that time belonging to the state, and use thereof by the public was continued for more than ten years after the upland owners had acquired title to the tide lands from the state.

SAME—PRESCRIPTION—PUBLIC.   A public highway may be acquired by prescription without the expenditure of public funds in improving the street.

HIGHWAYS — OBSTRUCTION — NUISANCE — WHAT CONSTITUTES.   A finding that an obstruction in a street was a public nuisance is sustained, where it appears that defendants, in the nighttime, without obtaining permission, built a structure extending across the street from thirteen to twenty inches above the surface of the street, with inclined approaches on each side.

APPEAL—REVIEW—AMENDMENTS.   After the introduction of evidence without objection, the complaint will be deemed amended on appeal to conform to the truth.

Appeal from a judgment of the superior court for Mason county, Claypool, J., entered July 1, 1914, discharging the jury and dismissing an action to abate a public nuisance, after a trial on the merits.   Reversed.

*Troy & Sturdevant* and *A. J. Falknor*, for appellant.

*T. P. Fisk*, for respondent.

MOUNT, J.—This action was brought by Mason county for the purpose of abating an alleged nuisance upon a public highway.   The complaint alleged, in substance, that within

[1]Reported in 145 Pac. 993.

said county, in the town of Union, there is a public highway known and designated as Canal street; that this street was dedicated to the public use by the owner of the fee more than twenty years ago, and for that length of time has been used continuously by all of the people of Mason county who desire to use the same; that the same is a public thoroughfare and highway, and has been such, both by dedication and by user, for a period of more than twenty years under claim of right; that, in the nighttime of December 12, 1913, the defendant placed an obstruction in said thoroughfare and highway, and denies and refuses to recognize the right of the public therein; that the board of county commissioners ordered and directed the road supervisor of that district to remove said obstruction, but the defendant prevented him from so doing; that said obstruction is a nuisance and a menace to the rights of the people of Mason county; and the complaint prays for the abatement of the nuisance.

The defendant filed a general denial to this complaint. The cause was tried to the court and a jury. At the close of all the evidence, the court discharged the jury and dismissed the action because, in his opinion, the evidence failed to show that the street at the point where the obstruction was placed was a public highway, for the reason that the public authorities had not assumed control over the street and there was no evidence that any public money had been expended upon it, or such use made of it as to constitute it a county road by prescription. The plaintiff has appealed from that judgment.

It is contended by the appellant first, that the street is shown by the evidence to be a public highway by prescription, and second, that the structure in the street is an obstruction to public travel and is therefore a nuisance.

The evidence very clearly shows that, in the year 1889, John McReavy and wife filed a plat in the office of the county auditor of Mason county platting certain lands into lots and blocks, and naming the same Union city. This plat covers

land located abutting upon Hood's Canal. The most northerly street running east and west is described on the plat as Canal street. This street had been used by the inhabitants of the county for more than twenty years. It was contended by the respondent in the court below that this street was below the line of ordinary high tide, and that, therefore, the plat that was made by John McReavy and wife, although designating Canal street as one of the streets thereon, did not constitute a street, because, being tide land, the title of the land was in the state of Washington. Subsequently, in the year 1901, the tide lands of the townsite were acquired by the defendant from the state. Since that time it is shown, practically without dispute, that a portion of this street called Canal street has been used by the public as a thoroughfare. Conceding, however, that the original plat of the street was invalid by reason of the fact that the plattors did not own the fee to the land, it was afterwards used as such street more than ten years, the same as it had been previously used. It is true that no public money had been expended upon the street by the county authorities. But this court has held that, in order to constitute a public highway, it is not necessary that public money should be used thereon, provided it has been used by the public as a road or street for a period of more than ten years. In *Stofferan v. Okanogan County*, 76 Wash. 265, 136 Pac. 484, we said, at page 273:

"In this state, however, we have repeatedly held that roads may be established by prescription by the use by the public for a period of not less than seven years, where the same have been worked and kept up at the expense of the public, as provided in Rem. & Bal. Code, § 5657 (P. C. 441 § 91), or where not so kept up at the public expense, simply by continued use by the public for a period coextensive with the period of limitation for quieting title to land, which is, in this state, ten years. *Seattle v. Smithers*, 37 Wash. 119, 79 Pac. 615; *Okanogan County v. Cheetham, supra* (37 Wash. 682, 80 Pac. 262, 70 L. R. A. 1027); *State v. Horlacher*, 16 Wash. 325, 47 Pac. 748; *Smith v. Mitchell*, 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858."

This being the rule, we are satisfied that there was abundant evidence to show that this street had been used as a public thoroughfare for more than ten years and was, therefore, a public highway.

We also think there was sufficient evidence to go to the jury upon the question whether the obstruction was an obstruction to public travel and, therefore, a nuisance. The evidence shows that the defendant constructed this structure in the street on the night stated in the complaint. It was a structure built of lumber extending across the street from a store building on one side of the street to a warehouse or wharf on the other. The structure was from 13 to 20 inches above the surface of the street. Inclined approaches were made upon each side. There is abundant evidence in the record to show that this was an obstruction to the street; and this court, in the case of *Miller v. Pierce County*, 34 Wash. 592, 76 Pac. 103, held, that a structure similar to this built in a public highway without authority of the county commissioners, was an unauthorized obstruction, and a nuisance. "Any unauthorized obstruction of a public highway is a nuisance." 37 Cyc. 247.

There was no claim on the part of the defendant that he obtained authority from the county commissioners, and the evidence is clear to the effect that no authority was given by the county commissioners to construct this structure upon the street. It was therefore subject to abatement at the suit of the county.

The respondent, in his brief, argues that the complaint does not state facts sufficient to constitute a cause of action by reason of the fact that the structure itself is not described, except in general terms. No motion was directed against the complaint to make it more definite and certain or to particularly describe the structure. The evidence, however, very clearly shows the character of the structure. This court has held frequently that after evidence is introduced without objection, the pleadings will be treated as amended to conform

to the evidence.   *Carlisle Packing Co. v. Deming*, 62 Wash. 455, 114 Pac. 172.

We are satisfied that the court erred in taking the case from the jury.

The judgment is reversed and the cause remanded for a new trial.

MORRIS, C. J., HOLCOMB, CHADWICK, and PARKER, JJ., concur.