[No. 22053. Department One. January 28, 1930.]

ARNIE THORSTEINSON et al., *Appellants*, v. JOSEPH A. LARGAUD et al., *Respondents*.[1]

*Skulason & Fulop* and *Peringer, Thomas & Allyn*, for appellants.

*Sather & Livesey*, for respondents.

PARKER, J.—This is a neighborhood road controversy, more particularly as to whether the road in question has become a public highway by prescription, or is only a private road subject to being closed by the owner of the land across which it runs, at the place in question.

The plaintiff, owner of land across which the road runs, commenced this action in the superior court for Whatcom county seeking injunctive relief restraining the defendant Largaud from interfering with his building and maintaining a fence across the road, closing the portion of it running across his land. The defendant, also owner of other land across which the road runs, west of the plaintiff's land, answered and cross-complained, seeking injunctive relief restraining the plaintiff from building and maintaining a fence closing

[1]Reported in 284 Pac. 92.

the road where it runs across his land, and decreeing the road to be a public highway; alleging facts which, if true, show the road to be a public highway by prescription. The cause, being of equitable cognizance, proceeded to trial before the court sitting without a jury, resulting in findings and decree as prayed for by defendant, from which the plaintiff has appealed to this court.

The lands of the parties to this action and the road in question are on the Point Roberts peninsula in the northwest corner of Whatcom county. The portion of the peninsula lying in the state of Washington south of its common boundary with British Columbia is approximately three miles wide east and west and two miles wide north and south. The peninsula is bounded on the west and the south by the shore line of the Gulf of Georgia, and on the east by the shore line of Boundary bay.

The portion of the peninsula lying within the state of Washington has been settled upon to the extent of one hundred or more people for a period of from thirty to fifty years prior to the arising of this controversy. While the lands now belonging to the parties to this action and to others on the portion of the peninsula within the state of Washington were settled upon prior to some thirty years ago, titles to the lands were not acquired from the United States until about the year 1909; this because the United States withheld the lands from final disposition until about that time. The early settlements were upon lands fronting the shore; this because of the density of the inland forests and the difficulty of making trail or road communication otherwise than along the shore.

As early as forty or more years ago, the settlers commenced using a trail for foot and horse travel along practically the entire length of the shore, just above

and near the high tide line, from the northwest corner of the portion of the peninsula in the state of Washington southerly, easterly and northerly to the northeast corner of that portion of the peninsula. The settlers began to use horse-drawn vehicles over the road some thirty or more years ago, since which time it has been constantly so used by the public without let or hindrance along nearly its whole course. It has been uninterruptedly so used by the public across all of the lands now owned by the parties to this action and for a considerable distance to the east and west thereof, which lands front the shore approximately midway between the extreme ends of the some three miles of the east and west southerly shore line.

During later years, there have been officially established and improved by the county a number of north-and-south and east-and-west roads across the peninsula. One of these comes from the north to the shore line along the east line of the plaintiff's land, and another comes from the north to the shore line some three-quarters of a mile to the west thereof, which is also one-quarter of a mile to the west of the defendant's land. These are, in substance, the facts as found by the trial court, which are well supported by the evidence.

There is nothing of serious moment for our consideration in this case other than questions of fact. Whatever may be said in support of the contention made in behalf of the plaintiff, that the public use of this old trail and road has not been continuous and uninterrupted as to certain portions thereof, other than the portion here in question, between these two north-and-south officially established county roads, it is plain, we think, that, as to that portion of the road, the evidence shows its continuous and uninterrupted use by the public along a well defined fixed location and course

for a period of more than thirty years. Thus, it plainly appears to us that at least that portion of the road, the only portion here in controversy, became and remains a public highway by prescription, which no one has the right to close or otherwise obstruct. The following of our decisions support this conclusion: *Smith v. Mitchell,* 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858; *Seattle v. Smithers,* 37 Wash. 119, 79 Pac. 516; *Mason County v. McReavy,* 84 Wash. 9, 145 Pac. 993. We conclude that the decree of the trial court must be affirmed. It is so ordered. There are parties to this case other than the plaintiff and defendant above named. We have referred to them as the sole parties merely for convenience of expression. Of course, all parties to this action are bound by the decree and our affirmance of it.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.