[No. 22081. Department One. April 28, 1930.]

OKANOGAN COUNTY, *Respondent,* v. WILLIAM JOHNSON, *Appellant.*[1]

*L. R. Gillette* and *Roy A. Redfield,* for appellant.
*H. A. Davis* and *W. H. Patterson,* for respondent.

[1]Reported in 287 Pac. 15.

TOLMAN, J.—This is an action brought by the respondent to abate, as a public nuisance, obstructions placed in what is alleged to be a public highway by the defendant, and to require the removal of such obstructions. The trial court seems to have been of the opinion that the action was equitable in its nature, but impaneled a jury in an advisory capacity, and the judgment is based not only upon the verdict of the jury, but upon findings of fact made by the court. No question is raised as to this procedure, and we do not find it necessary to determine whether the verdict was binding on the trial court or advisory only.

From a judgment establishing the road as a public highway, adjudging that the defendant wrongfully obstructed the same and requiring him to remove such obstructions within a period of ten days, and enjoining any further obstructing or interference with the use of the road by the public, the defendant has appealed.

The main controversy in this case is as to the character of the road, appellant maintaining that it has at all times been a private road, which he has improved at his own expense, and that, so far as the public has made use of the road, that use has been permissive only.

The facts are, of course, very much in dispute, but both the verdict and the findings are to the effect that the road here in question has been an open, public highway since the year 1891.

Treating this as an equitable proceeding, triable here *de novo,* we have examined all of the evidence with patient care and weighed it as best we can, and are forced to the conclusion that it preponderates in favor of the findings. That being so, and it appearing that a prescriptive right in the public had accrued while the land affected was all a part of the public domain, and that the county, by a proper and sufficient

resolution adopted by its board of county commissioners in 1903 (being the resolution set out in *Stofferan v. Okanogan County*, 76 Wash. 265, 136 Pac. 484), had accepted the Federal grant of all such prescriptive highways on public domain within the county, it is apparent that every phase of the law which might be deemed applicable has been thoroughly settled by our former decisions and we therefore consider it unnecessary to enter into any discussion of them here.

Appellant seems to question the right of the county to try out the question of its title to the road in an action to abate a nuisance, but cites no authority in support of his position. Our statutes clearly recognize obstructions or encroachments upon public highways as being nuisances, and Rem. Comp. State, § 9920, provides:

"The remedies against a public nuisance are indictment (or information), a civil action, or abatement. The remedy by indictment (or information) shall be as regulated and prescribed in this title. When a civil action for damage is resorted to the practice shall conform to the provisions of sections 943 to 946, *supra*."

The right of a municipal corporation to bring such an action has been recognized by this court in *Mason County v. McReavy*, 84 Wash. 9, 145 Pac. 993.

We see no reason why the appellant was in any wise limited in his defense by the form in which the action was brought or how he would have been in any better position if the county had brought a suit to quiet title.

Finding no error, the judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.