161 P.2d 212

**STATE ex rel. SHELTON v. BOARD OF COM'RS OF BERNALILLO COUNTY et al.**

No. 4879.

Supreme Court of New Mexico.

July 25, 1945.

Robert Hoath LaFollette, of Albuquerque, for appellant.

M. Ralph Brown, Dist. Atty., and Scott H. Mabry and Robert W. Reidy, Asst. Dist. Attys., all of Albuquerque, for appellee Board of County Com'rs.

Gilberto Espinosa, of Albuquerque, for appellees Romero et ux.

BRICE, Justice.

This is a statutory action in mandamus, brought to compel the appellees to remove all obstructions (including the house of appellees Romero) from their location on land asserted by appellant to be a part of a public highway, so that the appellant and the public generally may pass freely over such land.

The facts as found by the trial court are substantially as follows:

The relator Soney Shelton is a resident taxpayer of Bernalillo County, New Mexico, and is a licensed automobile operator and as such is entitled to drive his motor vehicle through the public highways in that county.

On the 14th day of March, 1917, there was filed in the office of the county clerk of Bernalillo County, by W. A. McMillin as asserted owner, a plat of what was denominated "Sunshine Addition to the City of Albuquerque." On the 28th day of March, 1921, another plat, called "Amended Supplemental Plat of Sunshine Addition to the City of Albuquerque," covering the identical land, with the same designation of lots, blocks and streets, with the exception hereinafter stated, was filed in the office of the county clerk of Bernalillo County by J. D. Keleher, G. N. Brooks, Charlotte E. Brooks and B. E. Dieckmann as owners. There was an alley running north and south through each block shown on each plat. Block No. 1 is at the extreme west end of Sunshine Addition. On the original plat, Smith Avenue (running approximately east and west) appeared the entire length of the platted land.

That portion of Smith Avenue lying north of the lots within the east half of Block 1 (being a tract of land 50 x 142 feet) is involved in this litigation. On the amended plat this tract of land (covering

220

the full width of Smith Avenue) was excluded from the dedicated street. On both plats Smith Avenue was open to the east and west of the tract involved, to the outside boundaries of Sunshine Addition. Regarding it the trial court found:

"That the purported public highway known as East Smith Avenue, between South Broadway and the public alley situate 142 feet east thereof, has not been used as a public highway, or as a highway, or as a road, for more than sixty years last past.

"That at the time of the filing of the Amended and Supplemental Plat of the Sunshine Addition, signed and dedicated by J. D. Keleher and G. L. Brooks, B. E. Dieckmann and Charlotte M. Brooks, on May 26, 1921, it was not the intention of said Dedicators to include the tract of land described in the Petition, and now occupied as a residence by Manuel Romero and Lela Romero, as a part of said Addition, and that the same was not so included.

"* * * the land described in the petition herein and occupied by the residence of the respondents Manuel Romero and Lela Romero, has never been used as a public road or highway but has been continually for more than forty years past, used as a private residence lot."

The trial court also found that neither of the plats had been submitted to, or approved by, the board of county commissioners of Bernalillo County; also, that at the time of the filing of the amended plat, it was not the intention of the dedicators to include the tract of land above described as a part of Sunshine Addition, "and that the same was not so included."

The court below filed no specific conclusions of law, but held generally against the plaintiff (appellant); and judgment was entered thereon dismissing his complaint.

A statute of New Mexico provides:

"All roads and highways, except private roads, established in pursuance of any law of New Mexico, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are recognized and maintained by the corporate authorities of any county in New Mexico, are hereby declared to be public highways." Sec. 58-101, N.M.Sts. 1941.

If the land in question is a part of a public road or highway as contemplated by the statute, then it is the duty of the appellees. Board of County Commissioners to maintain it so that it can be used as such. The following statute so provides:

"All public highways, except such as are owned and operated by private corporations, and highways within the corporate limits of any incorporated city or town, shall be maintained and kept in repair by the respective counties in which they are located." Sec. 58-102, N.M.Sts. 1941.

By Section 58-208, Sts. 1941, the state highway commission is given general charge and supervision of all highways and bridges in the state which are constructed or maintained in whole or in part by the aid of state monies. There is no evidence

or finding that the platted streets of the "Sunshine Addition" were so constructed or maintained.

█ We stated in State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242, 246:

"While there are exceptions, it is the general rule that mandamus may be issued to enforce the performance of a *public duty by public officers,* upon application of any citizen whose rights are affected in common with those of the public." (Our emphasis.)

In People ex rel. Stonebraker v. Wood, 90 Colo. 506, 10 P.2d 331, 332, the question was whether the mayor and city council of Trinidad could be compelled, at the suit of a citizen, to remove from the streets and sidewalks of that city thirty gasoline pumps. The Colorado court stated:

"Much confusion has arisen concerning the proper plaintiff and his representative in a mandamus action to compel the performance of a public duty, and the several jurisdictions are in hopeless conflict. * * *

"The general rule now seems to be that: 'Private persons may move for a mandamus, to enforce a public duty not due to the government as such, without the intervention of the government law officer.' * * *

"There is, however, good authority to the contrary. * * * Indicating our approval of the general rule we have said: 'If the main object of the proceedings is to vindicate a public right, * * * a citizen interested could probably institute the proceeding in the name of the people without consulting the attorney general.' Wheeler v. Northern Colorado Irrigation Co., 9 Colo. 248, 256, 11 P. 103, 107. * *

"We think plaintiff had capacity to sue."

If the appellee Board of County Commissioners owed to the public a clear legal duty to compel the removal of the obstructions alleged to have been placed in the highway, then the action against it may be maintained by appellant.

█ Whether the appellees Romero could properly be made parties to this proceeding, will not be considered as the question has not been raised. But see Tomlin v. Las Cruces, 38 N.M. 247, 31 P.2d 258, 97 A.L.R. 185; Warner v. Mayor of Taunton et al., 253 Mass. 116, 148 N.E. 377; 40 C.J.S., Highways, § 226, subsec. b, holding, that in the absence of injury distinct from that of the general public, such action does not lie; although it has been held arguendo that the property owner may be joined with the properly constituted authorities in such an action, but that he is not a necessary party. Wheeler v. Northern Colorado Irrigation Co., supra. See Okanogan County v. Johnson, 156 Wash. 515, 287 P. 15.

The land in question when platted was not within the boundaries of any city, town or village of this state, and there was no law at the time of either dedication that required the owners of such property to submit plats to, or obtain the approval of, the board of county commissioners of the coun-

ty in which the land was located before filing them. Such a law was enacted in 1939, L. 1939, Ch. 84. Appellant claims, however, that the filing of the plat of 1917 had the effect of dedicating the indicated streets and alleys to the public's use, and of vesting title thereto in the county of Bernalillo by virtue of Ch. 62, L. 1889, Secs. 14-201, 14-202, 14-203, 14-204 and 14-208, N.M. Comp. 1941. The parts of the 1889 act material here are as follows:

"Every owner or proprietor of any tract or parcel of land, who has heretofore subdivided, or shall hereafter subdivide the same into three (3) or more parts, for the purpose of laying out any city or village, or any addition thereto or any part thereof, or suburban lots, shall cause a plat of such subdivision with reference to known or permanent monuments, to be made which shall accurately describe all the subdivisions of such tract or parcel of land, numbering the same by progressive numbers and giving the dimensions and length and breadth thereof, and the breadth and courses of all streets and alleys therein. Descriptions of lots and parcels of land in such subdivisions, according to the number and designation thereof on said plat contained, in conveyances or for the purpose of taxation, shall be deemed good and valid for all intents and purposes." Sec. 14-201, N.M. Comp.1941.

"Every such plat shall contain a statement to the effect that the above or foregoing subdivision of (here insert a correct description of the land or parcel subdivided) as appears on this plat, is with the free consent and in accordance with the desire of the undersigned owners and proprietors, and shall be duly acknowledged before some officer authorized to take acknowledgements of deeds; and in case the plat is filed by a corporation, said acknowledgement shall be made by its president and secretary; and when executed and acknowledged, said plat shall be filed for record in the office of the recorder of the proper county." Sec. 14-202, N.M.Comp. 1941.

"The acknowledgement and recording of such plat shall operate as a dedication to the public use of such portion of the premises platted as is on such plat set apart for street or other public use." Sec. 14-204, N. M.Comp.1941.

"Any such plat may be vacated by the proprietors thereof at any time before the sale of any lots therein, by a written instrument declaring the same to be vacated, duly executed, acknowledged or proved and recorded in the same office with the plat which is desired to be vacated, and the execution and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets and alleys, laid out and described in such plat. And in cases where any lots have been sold, the plat may be vacated as herein provided, by all the owners of lots in such plat joining in the execution of the writing aforesaid. When any part of a plat shall be vacated, as aforesaid, the proprietors of the lots so vacated may enclose streets and

alleys adjoining said lots in equal proportions." Sec. 14-208, N.M.Comp.1941.

Whether this act applies to property without the limits of incorporated cities, towns and villages, we do not find it necessary to decide. The title of the act is, "An Act in relation to the filing of plats of towns." See Neblett v. R. S. Sterling Inv. Co., Tex. Civ.App., 233 S.W. 604. We will assume for the purposes of this suit that there was a statutory dedication of the streets to the use of the public, including the portion of Smith Avenue in question.

■ If the alleged dedication of 1917 was effective under the Act of 1889, such dedication bound the dedicator and it could not be impaired by him or his successors in title by the filing of an inconsistent amended plat. Nor could the dedicator be released by any inaction or delay in devoting the property to the uses for which it was dedicated by the board of county commissioners. The dedication could only be vacated through the proceedings to vacate duly taken in the manner provided by law. Gardarl v. City of Humboldt, 87 Kan. 41, 123 P. 764; Siegenthaler v. Newton, 174 Okl. 216, 50 P.2d 192.

■ While the fact that the land in question was part of a street dedicated to the use of the public by its owner, may have bound the dedicator, it did not bind the county of Bernalillo unless and until the dedication was accepted by the Board of County Commissioners of that county.

The principal case on the question is Ramstad v. Carr, 31 N.D. 504, 154 N.W. 195, 202, L.R.A.1916B, 1160. The North Dakota Court stated:

"While there is a great deal of conflict in the authorities upon the question of whether an acceptance is necessary in the case of a statutory dedication, still we believe that the better and more prevalent rule is, that an acceptance is necessary. The rule seems sound and logical, and has the support of excellent authority. The Supreme Court of Michigan, in the case of Wayne County v. Miller, 31 Mich. 447, in an opinion by Judge Cooley, said: 'It concerns the parties in this case, however, to know when it is that the peculiar fee the statute contemplates actually vests in the county. The plaintiff assumes that this takes place immediately a plat duly executed is properly recorded. As the execution and recording of the plat is wholly a private matter, subject to no public supervision whatever, this view would enable proprietors of lands to lay out so many streets and avenues as they might see fit, and wherever their private interests should determine; and, whether the streets were desired by the public or not, the private ownership would be displaced. Either one of two consequences must then follow: The public must be under some obligations to treat the land as constituting a street, and be subject to such liabilities as that fact would impose, or the land must remain waste property, in the hands of an owner who cannot use it for the purposes of profit, and who at the same time refuses to put it to the purposes contemplated in making the plat. * * * But, if the plat is regard-

ed as a grant, it is equally necessary that there should be acceptance. No one can thrust a grant upon another without his assent. * * * But there can be no conclusive presumption that a grant of land for a public way is so. We may almost take judicial notice that an offer of land for such a purpose is often—and very properly—declined, for the reason that no such way as the one proposed is needed, and by the acceptance the public would be burdened with obligations without corresponding benefits.' "

■ There is neither evidence nor finding that the offered dedication was ever accepted by the board of county commissioners of Bernalillo County, and the burden rested upon the appellant to show such acceptance. Burns v. McDaniel, 104 Fla. 526, 140 So. 314; Johnson v. Niagara Falls, 230 N.Y. 77, 129 N.E. 213; Hutchinson v. Clark et al., 169 Ga. 511, 150 S.E. 905; Ann Arbor Lodge, etc., v. Ann Arbor, 242 Mich. 340, 218 N.W. 805; 4 McQuillen on Municipal Corporations (2nd ed.) Secs. 1701 et seq.

■ It is asserted by the appellant that as Sec. 14-205, N.M.St.1941, provides for the immediate vesting of the fee title to the streets dedicated in the county of Bernalillo, no acceptance was necessary. This statute is as follows:

"All avenues, streets, alleys, parks and other places designated or described as for public use on the map or plat of any city or town, or of any addition made to such city or town, shall be deemed to be public property and the fee thereof be vested in such city or town."

This statute is a part of an act, Ch. 39, N.M.L.1884, entitled "An Act to Incorporate Cities and Towns." It applies only to streets of incorporated cities and towns and has no reference to platted lands in the county outside of such municipalities.

Appellant contends that acceptance by the county need not be by resolution or in writing, but may be implied from acts. But there must be either an express or implied acceptance on the part of the board of county commissioners to render the county liable to the maintenance of the highway; and there is no finding or evidence of either.

Many interesting questions have been presented for our consideration, but the failure of substantial proof of any cause of action renders it unnecessary to consider them.

The judgment of the district court should be affirmed, and

It is so ordered.

MABRY, C. J., and SADLER, BICKLEY, and LUJAN, JJ., concur.