[No. 34249. Department One. February 20, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. HUBERT WREN, *Appellant*.[1]

*Mack E. Call*, for appellant.

*John G. McCutcheon* and *Charles R. Johnson*, for respondent.

FINLEY, J.—The appellant was convicted and sentenced in the superior court for Pierce county for the commission of a public nuisance in violation of RCW 9.66.010. The pertinent part of the statute reads as follows:

"Every act unlawfully done and every omission to perform a duty, which act or omission

" . . .

"(3) Shall unlawfully interfere with, befoul, obstruct, or tend to obstruct, or render dangerous for passage, a . . . street, alley or highway; . . .

"Shall be a public nuisance."

Witnesses for the state testified that appellant placed a post in a strip of black-top which had been laid to widen the center concrete portion of secondary state highway 5-H; that a no-trespassing sign had been affixed to the post; that a post hole had been dug in the black-top strip on the opposite side of the highway; that appellant had in his pos-

[1]Reported in 321 P. (2d) 911.

session sufficient telephone wire to stretch across the highway between two posts; that appellant was observed waving a red flag at southbound highway traffic and pointing to the no-trespassing sign; that appellant temporarily placed a small tree or limb—approximately four inches in diameter at the butt and twelve feet in length—across the highway. It is a matter of public record that the highway in question has been established as secondary state highway 5-H by the state legislature. (See RCW 47.20.280.)

In this appeal, appellant first contends that his conduct and the results thereof were not *unlawful*. He bases this contention (a) on the fact that he owns the land traversed by the highway, and (b) upon the assumption that the traveling public and the state have acquired no interest or rights in the land for highway or other purposes. In support of the latter proposition, he relies upon amendment nine to the state constitution (amending Art. I, § 16), which, in part, reads:

" . . . No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, . . ."

■ Under appellant's interpretation of the above language of amendment nine, an easement for highway purposes cannot arise by prescription or public user, but only by the method of condemnation. Counsel for appellant forthrightly concedes that this interpretation of amendment nine is contrary to decisions of this court supporting the right of the public and the state to acquire an easement for highway purposes by prescription. See *Smith v. Mitchell*, 21 Wash. 536, 58 Pac. 667; and *King County v. Hagen*, 30 Wn. (2d) 847, 194 P. (2d) 357. He asks, however, that such cases be reconsidered and overruled, and that we now hold that an easement for highway purposes cannot arise by prescription. We are not convinced of the soundness of counsel's suggestion and refuse to accede. The evidence shows that the particular section of secondary state highway 5-H has been maintained as a public road and has been used by the public continuously since before 1940. Appel-

lant's contentions as to this aspect of this case are untenable.

 Appellant's second contention is that his acts and the results thereof did not in fact "interfere with, befoul, obstruct, or tend to obstruct, or render dangerous for passage, a . . . street, alley or highway." In the light of the state's evidence (summarized hereinabove), we are convinced that appellant's interpretation of the facts is untenable.

The judgment of the trial court should be affirmed. It is so ordered.

HILL, C. J., MALLERY, OTT, and HUNTER, JJ., concur.

April 8, 1958. Petition for rehearing denied.